## TEEL *v.* STATE.

## Opinion delivered May 14, 1917.

1.   CRIMINAL LAW—INSTRUCTION ON REASONABLE DOUBT.—In a crimina trial the court told the jury to acquit only if they had a reasonable doubt of defendant's guilt, and that such doubt was "a doubt for which the jury could assign a reason." *Held,* the instruction was erroneous, but that the error could be reached only by a specific objection.

2.   CRIMINAL LAW—INDICTMENT—TIME OF OFFENSE.—The offense must have been committed within three years of the date of the indictment.

3.   CRIMINAL LAW—INCEST—AGE OF PROSECUTING WITNESS.—In a prosecution for incest, an instruction held proper which told the jury that if the prosecuting witness was more than sixteen years of age and consented to the sexual intercourse, that she was an accomplice and that her testimony would require corroboration, it appearing from

the testimony that she was over sixteen at the time any act of intercourse occurred, if it did occur.

4.  APPEAL AND ERROR—CRIMINAL LAW—CONTRADICTION OF PROSECUTING WITNESS.—It is within the discretion of the court to refuse to permit the recall of the prosecuting witness by the defense, for the purpose of further examination and impeachment, after the State has closed its case.

5.  JURY—QUALIFICATION OF JUROR.—The nonresidence of a juror, *held* not proved; and *held* also, an objection that a juror had not paid his poll tax comes too late when the juror had not been interrogated on that point.

Appeal from Randolph Circuit Court, *J. B. Baker,* Judge; affirmed.

*W. L. Pope* and *T. W. Campbell,* for appellant.

1.  The court erred in its instruction as to "reasonable doubt." 95 Ark. 107.

2.  The indictment was barred. It was error to give instruction No. 2. Kirby's Digest, § 2105.

3.  Appellant should have been allowed to impeach the witness. Kirby's Digest, § 3138; 121 Ark. 53.

4.  Laughery was not a competent person.

*John D. Arbuckle,* Attorney General, *John E. Harris* of counsel, for appellee.

1.  There is no error in the instruction as to reasonable doubt. 95 Ark. 107; 62 Mich. 329; 14 Cent. Law Journ. 447; 29 Fed. 503; 97 Ala. 37; 50 *Id.* 108; *Ib.* 104; 83 Ga. 44; 43 La. Ann. 995; 100 N. Y. 503; 25 Ore. 242.

2.  There is no error in instruction No. 2. 17 Ark. 292; 59 Ark. 431; 51 *Id.* 132; *Ib.* 184; 78 *Id.* 16; 95 *Id.* 172; 104 *Id.* 162; 101 *Id.* 51; 100 *Id.* 330; 92 *Id.* 120; 95 *Id.* 321; 103 *Id.* 4.

3.  Instruction No. 3 as modified states the law as to an accomplice. Wharton on Cr. Law, § § 440, 1751; 113 N. W. 1048; 26 S. W. 504; 95 Ky. 632; 74 Mo. 385; 17 Tex. App. 452; 90 Wis. 527; 2 Idaho 161; 108 Ala. 1; 106 Ind. 163; 131 Mass. 577. Where she did not consent to the intercourse, her uncorroborated testimony is sufficient to

convict appellant and she is not an accomplice.  75 Pac.
166; 103 Ia. 720; 59 Vt. 614; 91 N. W. 191; 95 Ark. 233.

4.  The juror was not disqualified.  The objection
that he had not paid his poll tax came too late, after the
verdict.  68 Ark. 464; Kirby's Digest, § 4494; 113 Ark.
503; 35 Ark. 109; 40 *Id.* 511; 45 *Id.* 165; 50 *Id.* 492; 29
*Id.* 100; 121 *Id.* 202.

SMITH, J.  Appellant was convicted of the crime of
incest, alleged to have been committed by having sexual
intercourse with Mary Chesser, his cousin.  At the trial,
the court gave an instruction numbered 1, in which,
among other things, the jury was told:

"But before you would be justified in acquitting the
defendant on the grounds of a reasonable doubt you
must have a doubt of his guilt growing out of the testi-
mony, or it should arise from a lack of testimony and it
must be reasonable, that is, it must be a doubt for which
the jury can assign a reason and not a doubt arising
from mere caprice or conjecture.

(1)  A general objection was made to this instruc-
tion; but it is now urged that it was erroneous, in that it
told the jury that the doubt which would justify the jury
in acquitting the defendant was "a doubt for which the
jury can assign a reason."  This instruction was a
lengthy and general one in which the issues of fact were
recited, and the law of the case summarized.  Other in-
structions dealt more specifically with the question of
reasonable doubt and defined the law of that subject cor-
rectly.  A similar instruction was disapproved by this
court in the case of *Darden* v. *State,* 73 Ark. 320, but it
was there said that such a defect in an instruction should
have been reached by a specific objection; and so say we
here.  Other instructions make it manifest that the error
would have been cured had the attention of the court
been called to the inaccuracy.  See also, *Bennett* v. *State,*
95 Ark. 100.

In an instruction numbered 2 the court told the jury that "The material allegations of the indictment are: 1st. That the offense, if any, was committed in Randolph County, and on or about the 10th day of October, 1914, or at any other time within three years next before the July, 1915, term of this court."

(2) This instruction was erroneous, as it should have told the jury that the offense must have been committed within three years of the date of the indictment and not "within three years next before the July, 1915, term of this court." The court convened on July 18th, and the indictment was returned on the 22d, so that the inaccuracy existed only to the extent of four days, and, under the undisputed evidence, this slight discrepancy could have made no difference, for, if the offense was not barred on the 18th of July, it was not barred on the 22d.

(3) In an instruction numbered 6, the court told the jury that "if the prosecuting witness, Mary Chesser, was more than 16 years of age and consented to the sexual intercourse then she is an accomplice and her testimony would require corroboration." The objection to this instruction is that it submitted to the jury the question whether the girl was over 16 years of age at the time she alleged appellant had intercourse with her. It is argued the undisputed proof shows the girl to have been over sixteen at the time of the intercourse, and that the submission of this question of her age permitted the jury to consider alleged acts of intercourse committed with her when she was only fourteen years old. But we think the instruction is not open to this objection. It is true she had stated in her cross-examination that she was fourteen years old when appellant had intercourse with her; but she also testified, unequivocally, that the first act of intercourse was on October 10, 1914, and that the only other two acts of intercourse occurred very soon thereafter. The entire testimony of the girl, together with that of her father, makes it plain and un-

disputed that, if the act of intercourse occurred at all, the female was more than sixteen years of age at the time.

(4) The prosecuting witness testified at the trial from which this appeal is prosecuted, that only one week intervened between the first and second acts of intercourse, and appellant now complains of the refusal of the court to permit him to introduce the transcript of the evidence at a former trial for this same offense for the purpose of showing that the prosecuting witness had testified that there was an interval of three or four months between these acts of intercourse. It appears, however, that the prosecuting witness had testified in behalf of the State, and had been examined by counsel for appellant and excused, and appellant had rested his case except for the purpose of rebuttal, and that the prosecuting witness was then recalled for further examination and the case was closed, when the appellant offered to introduce this transcript in evidence and to recall the prosecuting witness for further examination for the purpose of impeachment, which permission was by the court refused. It was, of course, competent to show this discrepancy if it existed; but we can not say that the court abused its discretion in refusing to reopen the case for that purpose. The trial court is vested by the statute with a discretion in such matters (Section 3141, Kirby's Digest), and we will only reverse where it appears that this discretion was abused. We can not say that it so appears here.

(5) It is finally insisted that the judgment should be reversed because Thomas Laughery, who served as a juror, was not a qualified elector, in that he had not paid his poll tax and did not reside in the county at the time of the trial. It does not appear, however, that the juror was interrogated in regard to the payment of his poll tax, and the only testimony that the juror had ceased to be a resident of Randolph County consisted in the testimony of C. W. Coleman, who was examined in support of the motion for a new trial. This witness testified that he

knew the juror, and lived near the community where the juror had formerly resided, but that he had not seen the juror for several months, and that he last saw the juror in Hoxie, Arkansas, at which time he was returning to Randolph County, and stated that he had been in Oklahoma. This proof does not warrant a finding that the juror had abandoned his residence in Randolph County. And the objection that the juror's poll tax had not been paid comes too late. Section 4494 of Kirby's Digest; *James* v. *State*, 68 Ark. 464; *Grand Lodge A. O. U. W.* v. *Wood*, 113 Ark. 503; *St. L., I. M. & S. Ry. Co.* v. *Hairston*, 125 Ark. 314.

Finding no prejudicial error, the judgment of the court below is affirmed.