SATTERWHITE v. STATE.

Opinion delivered June 13, 1921.

CRIMINAL LAW—BILL OF REVIEW.—The only method of review in crim-
nal cases is a writ of error or appeal or a writ of error *coram
nobis,* and a "bill of review" will not lie to procure a new trial
after conviction in a criminal case on the ground that the pros-
ecuting witness on whose testimony the conviction was based had
recanted her testimony by affidavit after expiration of the term
at which judgment of conviction was rendered.

Appeal from Clark Circuit Court; *George R. Hay-
nie,* Judge; affirmed.

*J. S. Utley,* Attorney General, *Elbert Godwin* and
*W. T. Hammock,* Assistants, for appellee.

1. The appellant has no right at this time to ask
for and obtain a new trial upon newly discovered evi-
dence. 214 S. W. 44.

2. A bill of review or motion for new trial for
newly discovered evidence must be filed or made during
the term, while a bill of review in chancery can be filed
only *after the term* at which the decree was entered.
61 N. E. 337-9. See C. & M. Dig., § 3218. The only rem-
edy is by appeal within sixty days. C. & M. Dig., § 3393;
97 Ark. 116; 96 *Id.* 145. The appeal comes too late and
should be dismissed or judgment affirmed. 136 Ark. 290;
96 *Id.* 145; 97 *Id.* 116.

McCULLOCH, C. J. Appellant was indicted by the
grand jury of Clark County for the crime of rape and
was tried and convicted on a day of the March term,
1919, and sentenced to the State penitentiary for life.
He filed in the circuit court of Clark County, on Febru-
ary 1, 1921, a petition denominated as a bill of review
setting forth his conviction aforesaid and alleged, in sub-
stance, that within thirty days after his conviction and
incarceration in the State penitentiary the prosecuting
witness in the case, Edna Satterwhite, on whose testi-
mony the State had procured a conviction, recanted and
made an affidavit to the effect that her testimony against
appellant accusing him of having raped her was false.

It was further alleged in the petition that appellant filed a motion for a new trial in the Clark County Circuit Court immediately after his conviction, and that before the adjournment of the term the court overruled said motion. The prayer of the petition was that a new trial be granted on account of the change in the testimony of the prosecuting witness. The court denied this petition, and an appeal has been prosecuted to this court.

A bill of review or in the nature of a bill of review is a pleading which originated at common law, and the remedy afforded under it was one confined exclusively to courts of equity. The proceeding must be instituted in a court of equity and in the same court which rendered the decree sought to be reviewed. 10 Ruling Case Law, page 567; note to *Brewer* v. *Bowman,* 20 American Decisions, 158. The only statutory method of review afforded in criminal cases in this State is on a writ of error or appeal or on a writ of error *coram nobis,* an original proceedings in the trial court. *Howard* v. *State,* 58 Ark. 229; *Beard* v. *State,* 79 Ark. 293. Courts of equity have no jurisdiction to interfere with criminal proceedings. *State* v. *Williams,* 97 Ark. 243; *Ferguson* v. *Martineau,* 115 Ark. 317. There is no provision for a motion for new trial in criminal cases on account of newly discovered evidence after the expiration of the term at which the judgment of conviction was rendered. *Howard* v. *State, supra; Thomas* v. *State,* 136 Ark. 290. The circuit court was, therefore, correct in denying the petition of appellant.

Affirmed.