HICKS *v.* STATE.

4664                                                     243 S. W. 2d 372

Opinion delivered November 12, 1951.

*Ike Murry,* Attorney General, and *Robert Downie,* Assistant Attorney General, for appellee.

ED. F. McFADDIN, Justice. Appellant was convicted of incest with his daughter 14 years of age (see § 41-811, Ark. Stats.), and prosecutes this appeal. The original and supplemental motions for new trial present the matters herein discussed:

I. *Sufficiency of the Evidence.* The prosecuting witness testified unequivocally that the acts of intercourse had occurred at various intervals during a period of seventeen months. Her testimony made a case for the jury in view of our holding on the next point. See *Ragsdale* v. *State,* 132 Ark. 210, 200 S. W. 802.

II. *Lack of Corroboration.* The testimony of the prosecuting witness was not corroborated, but her age was only 14 years. Since she was under 16 years of age,

she could not have been an accomplice to the acts of incest, so her testimony did not have to be corroborated. See *Westbrooks* v. *State,* 179 Ark. 714, 17 S. W. 2d 868; and see, also, 27 Am. Jur., 299:

"Under this rule, a conviction of incest may be based upon the uncorroborated testimony of a prosecutrix who is by reason of minority incapable of consenting to defendant's act."

III. *Instructions.* Neither the State nor the defense requested any instructions; and all that were given were on the Court's own motion. They defined the statutory crime of incest (§ 41-811, Ark. Stats.), the statutory punishment (§ 41-812, *et seq.,* Ark. Stats.), the presumption of innocence, the definition of a reasonable doubt, and finally an instruction directly applying the law to the case at bar. The only objection was:

"To the giving of all of said instructions the defendant, at the time, objected and excepted."

A careful study of the instructions disclosed that they were correct as against the general objection registered.

IV. *Recantation.* In the supplemental motion for new trial, appellant alleged that the prosecuting witness had recanted her testimony. But when the prosecuting witness was brought into court for a hearing on such motion, she reaffirmed her original testimony and refused to retract any part of it. Therefore, there was an entire failure to show recantation. In each of the cases of *Sutton* v. *State,* 197 Ark. 686, 122 S. W. 2d 617, and *Doss* v. *State,* 203 Ark. 407, 157 S. W. 2d 499, there was a recantation by the prosecuting witness. We held that even in such a case the granting of a new trial was within the sound discretion of the trial court; and we found no abuse of discretion to have been committed in refusing a new trial in either of said cases. Certainly, in the case at bar, the trial court did not abuse its discretion in refusing to grant a new trial on the basis of recantation, since the prosecuting witness not only refused to recant but strongly affirmed her original testimony.

Finding no error, the judgment is affirmed.