CITY OF NORTH LITTLE ROCK *v.*
Monte MONTGOMERY

76-229                                    546 S.W. 2d 154

Opinion delivered January 31, 1977
(Division I)

*Sam Hilburn,* City Atty., for appellant.

*Hugh F. Spinks, Jr.,* for appellee.

FRANK HOLT, Justice. Appellee was indefinitely suspended without pay by the chief of police from his position as a sergeant with the North Little Rock Police Department pending an investigation into certain criminal offenses involving

appellee. The commission upheld the appellee's suspension and he appealed to the circuit court seeking to recover his loss of wages from the date of his suspension until his resignation approximately eleven months later. The record before us does not reflect the ultimate disposition of the investigation. The court limited the appellee's suspension to thirty days without pay on the basis that Ark. Stat. Ann. § 19-1603 (Repl. 1968) prohibits a suspension without pay in excess of that time period. The court then rendered judgment for appellee in the amount of his back pay less the offsets from appellee's pay during his thirty day suspension and his outside earnings during the entire suspension. For reversal appellant contends that the court erred in its interpretation of the statute. It is argued that the statute should be "liberally" construed to permit a longer suspension than thirty days "where exigent circumstances so demand," and, further, the commission's power to discharge an employee impliedly gives it the incidental power to suspend for more than thirty days.

§ 19-1603 provides:

Rules and regulations. — The Board of Civil Service Commissioners herein provided shall prescribe, amend and enforce rules and regulations governing the fire and police departments of their respective cities, and said rules and regulations shall have the same force and effect of law. ****

These rules shall provide: ****

10th. For suspension for not longer than 30 days ****

The Commission shall adopt such rules not inconsistent with the act for the necessary enforcement of the act.

It appears that the appellant's Civil Service and Police Department Rules also expressly limit a suspension of an officer or fireman to a definite period of thirty days as one form of disciplinary action.

Even so, appellant argues that exigent circumstances existed here since there was a pending invesitgation, in which appellee failed to properly assist and cooperate, with

reference to appellee's alleged criminal misconduct involving burglary and attempted rape. Therefore, a liberal construction of the statute and rules justified the indefinite suspension without pay. Appellant points out that its Civil Service Rules provide that "it shall be the duty of the authorities to take such action as the circumstances may warrant to maintain the standards of effective service." The Police Department Rules and Regulations are of similar tenor. However, these rules as to Civil Service employees are subject to the restrictions imposed by the legislature. §§ 19-1603 and 19-1604.

We have held that "[T]he meaning of a statute must be determined from the natural and obvious import of the language used by the legislature without resorting to subtle and forced construction for the purpose of limiting or extending the meaning. **** It is our duty to construe a legislative enactment just as it reads." *Black v. Cockrill,* Judge, 239 Ark. 367, 389 S.W. 2d 881 (1965). We have also said "[I]n construing statutes in the absence of any indication of a different legislative intent, we give words their ordinary and usually accepted meaning in common language." *Phillips Petroleum* v. *Heath,* 254 Ark. 847, 497 S.W. 2d 30 (1973).

In the case at bar the legislature, in plain and ordinary words, expressly limited a suspension of a policeman or fireman to a period of thirty days and then directed the appellant "[t]o adopt such rules not inconsistent with the act." Therefore, the trial court was correct in its interpretation of the act. To hold otherwise would be contrary to the obvious and unambiguous intent of the legislature. That forum and not the courts is the proper place to urge a change in this legislative enactment.

Appellant finally contends that the court's judgment was a summary judgment which was improper "as there was a genuine issue of material fact in regard to any set-off due to the city." We cannot agree. The trial court awarded appellee judgment for the wages lost during the entire suspension period less the outside income he had earned and the sum of his salary for one month. The latter amount represents the thirty day suspension which was found to be justified by the court. See Ark. Stat. Ann. § 19-1605.1 (Repl. 1968). In response to appellee's motion for a summary judgment,

appellant replied that the issues of fact in appellee's affidavit were uncontroverted except as to whether appellee's indefinite suspension was justified. We have just said, as a matter of law, that the statute forbids it. The appellant made no request for any offset to which it might have been entitled and neither party requested permission to present additional evidence to the court in the *de novo* proceeding.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH, and BYRD, JJ.