Ms. Kathleen B. Roberts, Chairman Board of Examiners in Speech Pathology and Audiology 210 Crystal Court Little Rock, AR 72205
Dear Ms. Roberts:
You recently requested an opinion of the Attorney General concerning the following issue:
 May an audiologist, duly licensed pursuant to A.C.A. 17-97-101, et seq., lawfully dispense hearing aids without a license from the Board of Hearing Aid Dispensers?
A.C.A. 17-97-103 defines "audiologist" and "audiology."
 (5) "Audiologist" means an individual who practices audiology and who presents himself to the public by any title or description of services incorporating the words "Audiologist," "Hearing Clinician," "Hearing Therapist," or any similar title or description of services;
 (6) "Audiology" means the application of principles, methods, and procedures of measurement, testing, evaluation, prediction, consultation, counseling, instruction, habilitation, or rehabilitation related to hearing and disorders of hearing for the purpose of evaluating, identifying, preventing, ameliorating, or modifying such disorders and conditions in individuals and groups of individuals. For the purposes of this subdivision the words "habilitation" and "rehabilitation" include, but are not limited to, hearing and evaluation and recommendation, auditory training, and speech reading . . .
Pursuant to A.C.A. 17-83-101, the hearing aid dispensers' governing law, the definitions of "hearing aid" and "practice of fitting and dispensing hearing aids" are as follows:
 (5) "Hearing aid" means any instrument or device designed for or represented as aiding, improving, or correcting defective human hearing and any parts, attachments, or accessories of such an instrument or device;
 (6) "Practice of fitting and dispensing hearing aids" means the evaluation or measurement of the powers or range of human hearing by means of an audiometer or by any other means devised and approved by the board and the consequent selection or adaptation or sale of hearing aids, including the making of an impression of the ear;
Certain exemptions are recognized, where it is provided:
 (a) This chapter shall not apply to an audiologist who does not sell or repair hearing aids or to any person while engaged in the practice of recommending hearing aids as part of the academic curriculum of an accredited institution of higher education or part of a program conducted by a public charitable institution or nonprofit organization which is primarily supported by voluntary contributions. (Emphasis added.)
Exemptions are likewise recognized in the enabling legislation for speech pathologists and audiologists, at 17-97-104:
 Nothing in this chapter shall be construed as preventing or restricting:
* * *
 (2) A hearing aid dealer from engaging in the business of fitting and sell hearing aids in this state in accordance with Chapter 83 of this title . . .
It would appear that when the hearing aid dispensers legislation was enacted, specific thought was given to audiologists. By exempting audiologists who do not sell or repair hearing aids, the implication is that all audiologists who do sell or repair hearing aids must be licensed.
In City of North Little Rock v. Montgomery, 261 Ark. 16, 18,546 S.W.2d 154 (1977), the Arkansas Supreme Court said:
 `[T]he meaning of a statute must be determined from the natural and obvious import of the language used by the legislature without resorting to subtle and forced construction for the purpose of limiting or extending the meaning. . . . It is our duty to construe a legislative enactment just as it reads.' Black v. Cockrill, Judge, 239 Ark. 367, 389 S.W.2d 881 (1965). . . . [I]n construing statutes in the absence of any indication of a different legislative intent, we give words their ordinary and usually accepted meaning in common language. Phillips Petroleum v. Heath, 254 Ark. 847, 497 S.W.2d 30 (1973).
Giving the statute its plain meaning would be to find that audiologists who dispense hearing aids must also be licensed by the Hearing Aid Board.
Even the exemption for hearing aid dispensers found at17-97-104(a) does not, of necessity, mean that audiologists are exempt from the hearing aid dispensers' law. If the legislative intent had been to exempt audiologists from the licensing requirements of the hearing aid dispensers once the speech pathologists and Audiologists' law was enacted, then such could have been amended to reflect that.
The foregoing opinion, which I hereby approve, was prepared by Solicitor General R.B. Friedlander.