The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on the following questions:
 1. Whether, under Arkansas law, an attorney/shareholder in a professional corporation may transfer his or her shares in said professional corporation to a revocable living trust where the attorney/shareholder is the grantor and trustee of the trust and reserves the unrestricted right to revoke the trust?
 2. Whether, under Arkansas law, an accountant/shareholder in a professional corporation may transfer his or her shares in said professional corporation to a revocable living trust where the accountant/shareholder is the grantor and trustee of the trust and reserves the unrestricted right to revoke the trust?
 3. Whether, under Arkansas law, an physician/shareholder in a professional corporation may transfer his or her shares in said professional corporation to a revocable living trust where the physician/shareholder is the grantor and trustee of the trust and reserves the unrestricted right to revoke the trust?
As you note, under the Arkansas Professional Corporation Act ("APCA"):
 [a]ll of the officers, directors, and shareholders of a corporation subject to this subchapter shall, at all times, be persons licensed pursuant to the laws of this state governing their profession. No person who is not so licensed shall have any part in the ownership, management, or control of the corporation, nor may any proxy to vote any shares of the corporation be given to a person who is not so licensed.
A.C.A. § 4-29-208 (Repl. 1991)
You have also noted several provisions concerning the creation of legal, accounting, and medical associations, and the effect of not forming the entity pursuant to the APCA. I assume that your question is whether the transfer of shares to the trust would meet the requirements of the APCA.
It is my opinion that the answer to this question is in all likelihood "no," following the plain language of § 4-29-208, supra. The shareholder, i.e., the trust in that instance would not, it seems, be licensed to engage in the profession. And it must be concluded that this would run counter to § 4-29-208's requirement that "[a]ll . . . shareholders . . . be persons licensed pursuant to the laws of this state governing their profession." See also A.C.A. § 4-29-206 (Repl. 1991), regarding the authority to engage in professional services "by and through [the corporation's] licensed shareholders, directors, officers, and employees only." (Emphasis added); and A.C.A. § 4-29-210(c)(2) (Repl. 1991), regarding the issuance of a certificate of registration upon a finding, inter alia, that "the incorporators, officers, directors, and shareholders are each licensed pursuant to the laws of Arkansas to engage in the particular profession involved. . . ."
It is well-established that statutes must be construed just as they read, giving words their natural and obvious import without resorting to subtle or forced construction. City of NLR v. Montgomery, 261 Ark. 16,546 S.W.2d 154 (1977). The plain meaning will control, in the absence of any indication of a different legislative intent. Id. These precepts compel me to conclude that registration under the APCA cannot be accomplished where the shareholder is a trust entity, and not a professional licensee.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh