The Honorable Bobby L. Hogue Speaker, Arkansas House of Representatives State Capitol, Room 350 Little Rock, AR 72201-1089
Dear Mr. Speaker:
This is in response to your request for an opinion regarding A.C.A. §6-17-106 (Repl. 1993), which states as follows:
 (a) Any person who shall abuse or insult a public school teacher while that teacher is performing normal and regular or assigned school responsibilities shall be guilty of a misdemeanor and upon conviction be liable for a fine of not less than one hundred dollars ($100) nor more than one thousand five hundred dollars ($1,500).
 (b) Each school district shall report to the Department of Education any prosecutions within the school districts under this section.
Your specific question is as follows:
 Does this law extend to include all teachers on the public payroll including university lecturers, instructors, etc.?
It is my opinion that § 6-17-106 does not extend to university lecturers or instructors. This conclusion is based upon my interpretation of the statutory language, given the absence of any interpretive case law authority.
It is well-established that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face.Wilcox v. Safley, 298 Ark. 159, 766 S.W.2d 12 (1989). A court will not resort to forced construction for the purpose of limiting or extending the meaning. City of North Little Rock v. Montgomery, 261 Ark. 16,546 S.W.2d 154 (1977). Rather, it will determine the meaning from the natural and obvious import of the language used by the legislature.Id. Also, in determining legislative intent, each section of the statute is to be read in the light of every other section, and the object and purposes of the act are to be considered. Chism v. Phelps,228 Ark. 936, 311 S.W.2d 297
(1958).
These precepts, in my opinion, compel the conclusion that § 6-17-106
applies to teachers in the public school districts in Arkansas. I believe this is the obvious import of subsections (a) and (b), when they are read together as dictated by the rules of statutory construction. Subsection (b) clearly indicates that the term "school" in subsection (a) refers to the "school districts" which must report to the State Department of Education. This reporting requirement is consistent with the Department of Education's general supervisory authority (via the State Board of Education) over the local public schools. See A.C.A. §§ 6-11-105 (Repl. 1993) and 25-6-102 (Supp. 1995).
The conclusion that a university lecturer or instructor is not included in the term "public school teacher" under this Code section is also bolstered by the maxim that penal provisions are to be strictly construed. See generally Bennett v. State, 252 Ark. 128, 477 S.W.2d 497
(1972). In construing a provision such as § 6-17-106, which imposes criminal penalties for noncompliance, "[n]othing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the defendant." Id., 252 Ark. at 130.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh