Mr. Jack Gibson Executive Director Arkansas Livestock and Poultry Commission One Natural Resources Drive P.O. Box 8505 Little Rock, AR 72215
Dear Mr. Gibson:
This is in response to your request for an opinion regarding Act 1306 of 1997 ("the Act"), which is entitled: "An Act to Prescribe Procedures for the Control and Eradication of Equine Infectious Anemia. . . ." You have asked for an opinion with respect to the following language in Section 11 of the Act:
 [A]ll reactors shall be quarantined to the owner's premises or an approved quarantined holding facility and shall be destroyed or sold for immediate slaughter or permitted to a research facility within twenty (20) days after the date of the last official positive EIA test.
Acts 1997, No. 1306, Section 11, subsection (a).
You have asked for an opinion "on the true meaning" of the above. It is my understanding that a question has arisen with respect to the owner's quarantine of a "reactor."[1] That is, the question has been raised whether the owner may quarantine a reactor to the owner's premises indefinitely.
It is my opinion that this would be contrary to the plain meaning of the language of Section 11, set out above. It is well-established that legislative intent will be discerned from the "natural and obvious import" of the statutory language. City of NLR v. Montgomery,261 Ark. 16, 18, 546 S.W.2d 154 (1977). As stated in Montgomery, supra:
 The meaning of a statute must be determined from the natural and obvious import of the language used by the legislature without resorting to subtle and forced construction for the purpose of limiting or extending the meaning. . . . It is our duty to construe a legislative enactment just as it reads.
Id., citing Black v. Cockrill, 239 Ark. 367, 389 S.W.2d 881 (1965).
In this instance, the natural construction of the language in question compels the conclusion that all reactors, regardless of whether they are quarantined to the owner's premises or to an approved quarantine holding facility, must be either destroyed, sold for slaughter, or permitted to a research facility. This necessarily follows, in my opinion, from the language requiring that "all reactors shall be quarantined . . . andshall be destroyed or sold . . . or permitted. . . .' (Emphasis added). There is no need to resort to statutory construction aids in this instance. Section 11 cannot, in my opinion, reasonably be construed to authorize the indefinite quarantine of a reactor to the owner's premises. The language simply does not admit of this construction.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The term "reactor" is defined as "any Equidae which reacts positively to an official EIA test." Section 1(y) of Act 1306 of 1997.