The Honorable Stanley Russ State Senator P.O. Box 787 Conway, AR 72032-0787
Dear Senator Russ:
This is in response to your request for an opinion on the following question:
 Does Arkansas Statute 7-4-109 C-2 [sic][1] apply to an employee of the State of Arkansas? Would it apply to an employee of a constitutional office?
It is my opinion that the answer to both of these questions is "no."
Section 7-4-109(c) (Supp. 1997) provides as follows:
 No person who is a paid employee of any political party or of any person running for statewide office shall be eligible to be a member of a county board of election commissioners or an election official.
There are two categories of "person[s]" to whom the prohibition in this Code section applies: one who is a "paid employee of any political party" and one who is a "paid employee . . . of any person running for statewide office[.]" I assume that your questions do not pertain to the first category, that is, you have not suggested that the individual in question is a "paid employee of any political party[.]" Id. Nor is this category implicated merely by one's status, identified in your question, as "an employee of the State of Arkansas" or as "an employee of a constitutional office."
I thus assume that your inquiry arises in light of that portion of §7-4-109(c) which is directed toward "a paid employee . . . of any person running for statewide office[.]" Established rules of statutory construction require that this language be construed just as it reads, giving the words their ordinary and usually accepted meaning in common usage. See generally Mountain Home Sch. Dis. v. T.M.J. Builders,313 Ark. 661, 858 S.W.2d 74 (1993). The court has stated:
 [T]he meaning of a statute must be determined from the natural and obvious import of the language used by the legislature without resorting to subtle and forced construction for the purpose of limiting or extending the meaning. . . . It is our duty to construe a legislative enactment just as it reads.
City of NLR v. Montgomery, 261 Ark. 16, 546 S.W.2d 154 (1977), citingBlack v. Cockrill, 239 Ark. 367, 389 S.W.2d 881 (1965).
It seems clear, applying these precepts, that an employee of the State of Arkansas is not, simply by virtue of such employment, "a paid employee . . . of any person running for statewide office[.]"[2]
It is my opinion that this same conclusion applies, moreover, to an employee of a constitutional office. Even assuming that your question pertains to an office headed by a constitutional officer who is running for statewide office, an employee of that office does not fall within the plain and unambiguous language of § 7-4-109(c). The term "paid employee," according to its common usage, connotes service under some contract of hire to an employer. As defined in Black's Law Dictionary (5th ed. 1979), an "[e]mployee" is "[o]ne who works for an employer; a person working for salary or wages." Black's at 1028. An "[e]mployer" is "[o]ne who employs the services of others; one for whom employees work and who pays their wages or salaries. The correlative of `employee.'" Id.
Clearly, under the common meaning of these terms, the employee of a constitutional office is not, by virtue of that employment, a paid employee of the constitutional officer who is elected or appointed to head that office. To conclude otherwise would be contrary, in my opinion, to the obvious and unambiguous intent of the legislature as expressed in § 7-4-109(c).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I assume that this refers to subsection (c) of § 7-4-109 See
A.C.A. § 7-4-109(c) (Supp. 1997).
[2] It is of course conceivable that a state employee could, by virtue of some separate employment relationship, be a paid employee of a candidate for statewide office. You have presented no facts, however, suggesting that this is the case under your specific inquiry.