The Honorable Barbara King State Representative 106 Tulip Circle Helena, AR 72342-1620
Dear Representative King:
I am writing in response to your request for an opinion regarding the procedure for the consolidation of municipalities that is provided for under A.C.A. §§ 14-40-1201 -1213 (Repl. 1998 and Supp 2001). You have asked me to assume that the appropriate city officials have certified the number of signatures pursuant to A.C.A. § 14-40-1201(a)(4)(B)(2) (Repl. 1998).[1] You have then asked the following questions:
 1. Can the city council of the larger city refuse to pass an ordinance calling for a special election?
 2. Or, does the city council of the larger city have a mandatory duty to call for an election?
RESPONSE
It is my opinion that the answer to your first question is "yes," and that the answer to your second question is "no." These conclusions are compelled, in my opinion, by the plain language of the relevant statutory provisions.[2]
In accordance with A.C.A. § 14-40-1201(a)(4)(A), the city clerk or town recorder of each municipal corporation is required to determine the sufficiency of the petitions in each municipality affected by the consolidation. Your statement in this regard asks me to assume that this sufficiency determination has been made and that the petitions have been presented to the city council of the larger city in accordance with A.C.A. § 14-40-1201(a)(4)(B)(ii), which states:
 (ii) If the city clerk or town recorder of the respective municipalities shall decide the petitions are sufficient, they shall each notify the petitioners in writing and shall present the petitions to the city or town council of the larger municipal corporation.
Section 14-40-1201(b) then provides as follows:
 (b)(1) When the petition is presented to the council, it shall be lawful for the council to pass an ordinance in favor of the annexation and approving and ratifying the petition.
 (2) In that event, it shall be the duty of the persons named in the petition authorized to act in behalf of the petitioners to file the petition, together with a certified copy of the ordinance, in the office of the county clerk of the county in which the municipal corporations are situated.
A.C.A. § 14-40-1201(b) (Repl. 1998) (emphasis added).
A special election on the question of the annexation is then ordered by the county court pursuant to A.C.A. § 14-40-1202(a)(1)(A), which states:
 Upon presentation of the petition to the county court by the authorized persons, the court shall at once order and call a special election in both of the municipal corporations on the question of the annexation and the name of the proposed consolidated municipality.
To summarize these provisions, once sufficient petitions have been presented to the city council, it is "lawful" for the council to pass an ordinance in favor of the annexation and approving the petition. In the event such an ordinance is passed, the petition (together with a copy of the ordinance) must be filed with the county clerk. The county court must then order a special election after being presented with the approved petition. Your question is whether the city council is required to pass the ordinance, having been presented with a sufficient petition.
According to well-established rules of statutory construction, legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. See Wilcox v. SafleyConstr. Co., 298 Ark. 159 (1989). A court will not resort to forced construction for the purpose of limiting or extending the meaning. Cityof North Little Rock v. Montgomery, 261 Ark. 16, 546 S.W.2d 154 (1977). Rather, it will determine the meaning from the natural and obvious import of the language used by the legislature. Id.
Applying these precepts, it must be concluded that the legislature has authorized, but not required the city council to pass an ordinance favoring the annexation and approving the petition when it has been presented with a petition under A.C.A. § 14-40-1201(a)(4)(B)(ii). Section14-40-1201(b)(1) plainly makes it "lawful" for the city council to pass the ordinance. I cannot read a mandate into this language. Rather, I am required to interpret this statutory language just as it reads. Seegenerally Leathers v. Cotton, 332 Ark. 49, 961 S.W.2d 32 (1998). The term "lawful" is defined, generally, as "conformable to law[;] constituted, authorized, or established by law[.]" Webster's Seventh New CollegiateDictionary (1972) at 478. See also Black's Law Dictionary (5th ed. 1979) at 797 (defining "lawful" as "[l]egal; warranted or authorized by law; having the qualification prescribed by law; not contrary to nor forbidden by the law.")
The term "lawful" thus implies that an act is authorized, sanctioned, or at least not forbidden by law. Id. It does not suggest mandatory action. The council is thus authorized under § 14-40-1201(b)(1) to pass an ordinance "in favor of" annexation once it has been presented with a sufficient petition. In my opinion, the phrase "in favor of" further indicates that the council's action in passing the ordinance is not ministerial. Rather, the council exercises discretion in determining whether to favor the annexation. See also A.C.A. § 14-40-1213 (referring to the ordinance as "an ordinance favoring annexation.")
In response to your specific questions, therefore, it is my opinion that the city council does not have a mandatory duty to pass an ordinance under A.C.A. § 14-40-1201. The council may, in my opinion, refuse to pass an ordinance if it does not favor the annexation.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] As you note, Act 806 of 1995 amended A.C.A. § 14-40-1201 to change the number of signatures required to petition for an election to consolidate two municipalities from 50 to "fifteen percent (15%) of the total vote cast for the office of mayor in the respective city or town in the last preceding general election. . . ." A.C.A. § 14-40-1201 (a) (2) (Repl. 1998).
[2] It should be noted that the county court actually orders the special election, after it is presented with the petition that has been approved by the city council and filed with the county clerk. See summaryof procedure, infra.