J. R. Shepherd v. State of Arkansas

5-5392 439 S.W. 2d 627

Opinion Delivered February 17, 1969
[Substituted Opinion on denial of Rehearing April 21, 1969, p. 744.]

160

*Harry C. Robinson* and *Harold L. Hall* for appellant.

*Joe Purcell*, Atty. Gen. and *Don Langston*, Asst. Atty. Gen. for appellant.

JOHN A. FOGLEMAN, Justice. Appellant was convicted of selling an unregistered security in violation of Ark. Stat. Ann. § 67-1241 (Repl. 1966) and of operating as a broker-dealer without being registered in violation of Ark. Stat. Ann. § 67-1237 (Repl. 1966). Appellant challenges the sufficiency of the evidence to support the judgment of conviction entered by the circuit judge, who sat without a jury, by agreement.

Specifically, Shepherd was charged with having sold a security to one U. S. Hedden. The instrument evidencing the transaction was introduced into evidence and was entitled "Assignment of Oil and Gas Lease." By it an undivided one sixty-fourth interest of the right, title and interest of H. W. McMillan, trustee, the original lessee in a certain oil lease, was conveyed to Hedden together with all personal property used or obtained in connection therewith and not retained in said lease. The instrument recites that J. R. Shepherd, trustee, was the owner of the lease and all rights thereunder.

It was not shown that Shepherd had engaged in any other such transaction at any time. It is not denied that the sale was made without registration of the lease,

or any interest therein, and without Shepherd having previously registered as a broker-dealer.

The word "security" as used in the Arkansas Securities Act includes a certificate of interest or participation in an oil, gas, or mining title or lease or in payments out of production under such title or lease. This statute is penal in nature and must be strictly construed. Under such construction, nothing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the defendant. *Stuart* v. *State,* 222 Ark. 102, 257 S.W. 2d 372.

This instrument does not constitute a security as defined in this statute. An oil and gas lease conveys an interest in land. *Osborn* v. *Arkansas Ter. Oil & Gas Co.,* 103 Ark. 175, 146 S.W. 122; *Watts* v. *England,* 168 Ark. 213, 269 S.W. 585; *Shreveport-El Dorado Pipe Line Co.* v. *Bennett,* 172 Ark. 804, 290 S.W. 929. When a strict construction is given the act and the nature of the property is considered, the sale or assignment of oil, gas or mining leases, or interests therein, is not included in the term "certificate of interest or participation in an oil, gas or mining title or lease." See *State* v. *Allen,* 216 N. C. 621, 5 S.E. 2d 844. This language under a strict construction must be taken to mean a certificate of interest or participation in the oil or gas produced and severed from the land or in payments out of production thereof or a certificate representing an interest or participation in a lease held in the name of another. As the North Carolina court pointed out, whether the definition of securities should be amended to include a transaction such as this is a matter for the lawmaking body and not for the court.

The judgment is reversed and the cause dismissed.