The Honorable Ed Gilbert State Representative P. O. Box 633 Mountain Home, Arkansas 72653
Dear Representative Gilbert:
This is in response to your request for an opinion regarding Act 495 of 1987. You have asked, specifically, what penalty or other liability the building inspector would be subject to if he issued a permit contrary to Section 2 of that Act.
Section 2 of Act 495 amends Section 13 of Act 150 of 1965, as amended, which is codified at Ark. Stat. Ann. 71-712 (Repl. 1979), to require that a contractor furnish proof that he is duly licensed as a condition to obtaining a permit from the building inspector. This section applies to projects costing $20,000 or more, and states in pertinent part as follows:
 . . .it shall be unlawful for such building inspector or other authority to issue or allow the issuance of such building permit unless and until the applicant has furnished evidence that he is neither exempt from the provisions of this Act or is duly licensed under this Act to carry out or superintend the work for which permit has been applied.
While this provision clearly prohibits issuance of a building permit unless the stated conditions are met, it does not set forth a penalty for failure to comply. The question, then, is whether a penalty or other liability may be implied. There is no case law or other statutory provision offering guidance in this matter. Resolution of the question must therefore turn on the language employed, and rules generally applicable in this area.
It has been acknowledged that an act may be prohibited by law and yet no penalty imposed. C.J.S. Criminal Law 37. The word "unlawful" does not necessarily connote a criminal act but may be used with respect to acts which, though not criminal, are disapproved of by the law. It is my opinion, based upon these precepts, that a court would be unwilling to impose a civil or criminal penalty for failure to comply with Section 2 of Act 495. It is an established maxim that penal provisions are strictly construed and that "[n]othing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the defendant." Bennett v. State, 252 Ark. 128, 477 S.W.2d 497
(1972), citing Shepherd v. State, 246 Ark. 159, 439 S.W.2d 627
(1969).
This conclusion is also supported by the clear imposition of civil and criminal penalties elsewhere in the same Act. Subsection (A) of Section 14 of Act 150 of 1965, as amended, which is codified at Ark. Stat. Ann. 71-713(A) (Supp. 1985), is clear in stating that a contractor who violates that provision ". . .shall be deemed guilty of a misdemeanor, and shall be liable to a fine of not less than one hundred dollars ($100.00), nor more than two hundred dollars ($200.00) for each offense, each day to constitute a separate offense." 71-713(B)(1) imposes a civil penalty as well for violation of this section. The clear expression of intent to impose criminal and civil penalties under these provisions is further indication that no penalty attaches to a violation of Section 2 of Act 495.
It should be recognized that this conclusion does not touch upon the building inspector's potential liability to third parties acting in reliance upon the issuance of a permit. This question would be resolved based upon the particular facts of each case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.