The Honorable Gordon Webb Prosecuting Attorney P. O. Box 483 Harrison, Arkansas 72601
Dear Mr. Webb:
This is in response to your request for an opinion regarding Ark. Stat. Ann. 19-909 (Cum. Supp. 1985) and 19-919 (Repl. 1980). The specific questions posed are restated as follows:
 1. Is 19-909 a criminal provision subject to enforcement by the State; and, if so, what penalty provisions apply?
 2. Does 19-909 mean that a city council member may provide goods or services as an employee of a corporation in which he has no management control that has contracted with the city or that a city council member may provide goods or services as a subcontractor to a corporation over which he has no management control that has contracted with the city?
 3(a). Is "nonfeasance," as that offense is set forth in 19-919, a crime subject to prosecution by the State?
 (b) Can the concept of "nonfeasance" described in 19-919 be stretched to cover the "malfeasance" prohibited by 19-909, thereby making this a possible penalty provision for 19-909?
While 19-909 clearly prohibits the conduct contemplated therein, it does not equate violation of the provision with any criminal offense nor does it set forth a penalty for failure to comply. It must therefore be determined, in response to your first question, whether a criminal violation can be implied, thus subjecting the violator to some penalty.
It is an established maxim that penal provisions are strictly construed and that "[n]othing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the defendant." Bennett v. State, 252 Ark. 128, 477 S.W.2d 492
(1972), citing Shepherd v. State, 246 Ark. 159, 439 S.W.2d 627
(1969). This precept leads to the conclusion that 19-909 may not be deemed by implication to constitute a criminal provision. It has been acknowledged, furthermore, that an act may be prohibited by law and yet no penalty imposed. C.J.S. Criminal Law 37. It is my opinion, therefore, that a court would be unwilling to impose a civil or criminal penalty pursuant to 19-909. Ark. Stat. Ann. 41-2707 (Repl. 1977) should, however, be noted in this regard. Conduct in violation of 19-909 may, depending upon the particular facts involved, constitute "abuse of office" under 41-2707 which is a class B misdemeanor. It seems clear that aldermen or members of the city council are "public servants" according to the definition set forth in Ark. Stat. Ann. 41-115(16).
Your second question addresses, specifically, the conduct proscribed by 19-909. 19-909 states in pertinent part as follows:
 No alderman or member of a city council shall be interested, directly or indirectly, in the profits of any contract for the furnishing of supplies, equipment or services to the municipality unless the governing body of the city shall have enacted an ordinance specifically permitting aldermen or members of the council to conduct business with the city and prescribing the extent of such authority. Provided, the prohibition prescribed herein shall not apply to contracts for the furnishing of supplies, equipment of services to be performed for a municipality by a corporation in which no alderman or member of the council holds any executive or managerial office . . . (Emphasis added.)
There appear to be no cases construing this exemption which was added by amendment in 1981. See Act 485 of 1981. The language on its face compels the conclusion, however, that the prohibition will not apply so long as the corporation involved is one in which the council member holds no executive or managerial office. Although there is no case law on point, it is reasonable to conclude that the council member's status as an employee or subcontractor is not dispositive.
Your third question relates to 19-919 which provides as follows:
 If the Mayor or Police Judge, member of the City Council or any other elective officer of any city of the first class, second class, or incorporated town in this State, shall wilfully and knowingly fail, refuse, or neglect to execute or cause to be executed any of the laws or ordinances within their jurisdiction, they shall be deemed guilty of nonfeasance in office; and it shall be the duty of the Circuit Court of any County within which any such officer may be commissioned and acting, upon indictment charging any such officer with nonfeasance in office, to hear and determine such charges, and if upon hearing the charges be proven to be true, to enter a judgment of record removing such guilty officer from office, provided the Council of any city or incorporated town may provide by proper ordinance for the removal of any appointive officer upon a majority vote of such Council.
Although "nonfeasance" was a common law offense, 30 Ark. L. Rev. 160, 178 n. 134, citing 4 W. Blackstone, Commentaries 121, the Arkansas Criminal Code does not classify nonfeasance as an offense. See, Ark. Stat. Ann. 41-111 (Repl. 1977). "Nonfeasance" under 19-919 would not, moreover, in itself be deemed to constitute a criminal offense since that provision imposes no term of imprisonment or fine. See 41-111. However, 41-2707 may also be significant in this regard. The offense of "abuse of office" includes omission in the performance of a duty imposed by law or clearly inherent in the nature of the office. Punishment for this offense may include a $500.00 fine and ninety days in jail. 41-2707(2), -901(2)(b), -1101(2)(b). While it seems clear, therefore, that "nonfeasance" is not a crime, one who is guilty of nonfeasance in office may thereby commit the offense of "abuse of office."
The answer to your last question is no, for the reasons cited herein with respect to whether 19-909 is a criminal provision and whether any penalty provisions apply. One might successfully argue, moreover that the conduct referred to an "nonfeasance" under 19-919 does not on its face extend to the conduct envisioned under 19-901. Again, however, 41-2707 should be considered. If the conduct in question constitutes "abuse of office," it may also subject the offender to removal from office under Ark. Stat. Ann. 12-2102 (Repl. 1979).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.