Mr. James T. Clark Executive Director Arkansas State Crime Laboratory P. O. Box 5274 Little Rock, Arkansas 72215
Dear Mr. Clark:
This is in response to your request for an opinion regarding Ark. Stat. Ann. 82-2617 (Cum. Supp. 1985). You have asked the following specific question:
 Should the weights in Section (d) of Arkansas Statute 82-2617 be regarded to include adulterants and diluents or to be pure drug weights?
It is my opinion that the weights set forth in 82-2617(d) must be regarded as pure drug weights. The Arkansas Supreme Court considered this question in 1977 in the case of Dixon v. State,260 Ark. 857, 545 S.W.2d 606 (1977). The defendant in that case possessed six packets containing 561 milligrams of a substance that was 5.5% pure heroin. One of the issues involved a determination of whether the reference to "heroin" in 82-2617(d) (Supp. 1975) means pure heroin or an adulteration thereof. The Court refused to apply the rebuttable presumption that would have arisen if the statute were construed to include adulterants, stating as follows:
 We must conclude from the statute as a whole that the reference is to pure heroin. In several instances the statute refers to any material, compound, mixture, or preparation that contains `any quantity' of specified prohibited substances (or uses similar language). . . . On the other hand, the rebuttable presumption of an intent to deliver heroin arises only from the possession of more than 100 milligrams of "heroin." Inasmuch as the draftmen of this Uniform Act took pains to prohibit traffic in many specified drugs in an adulterated form, we must infer that the omission of similar language with reference to heroin was deliberately selected to exclude such adulterations. 260 Ark. at 860-861.
This case has been neither modified nor overruled. It is well-established that the legislature is presumed in enacting a statute to have had in mind the judicial construction of former statutes on the subject; and it will be assumed that the legislation was enacted in light of this construction. Trullinger v. Rosenblum, 125 F. Supp. 758 (D.C. Ark. 1955). It is reasonable to conclude, following these precepts, that the General Assembly in its 1985 amendment of these provisions deliberately omitted in 82-2617(d) the reference to "adulterants or diluents" appearing in 82-2617(a). This conclusion may also be mandated by the established maxim that penal provisions are strictly construed and that "(n)othing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the defendant." Bennett v. State, 252 Ark. 128, 477 S.W.2d 497
(1972), citing Shepherd v. State, 246 Ark. 159, 439 S.W.2d 627
(1969).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.