The Honorable John C. Ward State Representative 2705 Donaghey Drive North Little Rock, AR 72116
Dear Representative Ward:
This is in response to your request for an opinion regarding a bid for transportation of the elderly and handicapped.
It is stated in the correspondence attached to your request that Central Arkansas Transit will be entertaining bids in this regard, and that the contract awarded will be effective January 1, 1989. The quorum court apparently funds a portion of Central Arkansas Transit's budget, and a question has arisen involving the propriety of a quorum court member submitting a bid for this contract.
I assume that the contract awarded following the bid process will be entered between Central Arkansas Transit and the successful bidder. While there appear to be no cases offering guidance in this area, it may be successfully contended that the prohibition against a county officer's direct or indirect interest in a contract or transaction of a county does not apply in this instance. This prohibition is set forth in pertinent part as follows under A.C.A. 14-14-1202 (Supp. 1987):
 (c) RULES OF CONDUCT. No officer or employee of county government shall:
 (1) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county.
The county's funding of a portion of Central Arkansas Transit's budget does not, in my opinion, reasonably constitute a "contract or transaction made, authorized, or entered into on behalf of the county" for purposes of 14-14-1202(c)(1). This conclusion is also compelled by the well-established maxim that penal provisions are strictly construed and that "[n]othing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the defendant." Bennett v. State, 252 Ark. 128,477 S.W.2d 497 (1972), citing Shepherd v. State, 246 Ark. 159,439 S.W.2d 627 (1969) It is significant to note in this regard that violation of the rules of conduct contained in 14-14-1202
constitutes a misdemeanor and subjects the offender to a fine of not less than three hundred dollars ($300) nor more than one thousand dollars ($1,000). A.C.A. 14-14-1202(d)(3).
While it is my opinion that, as a general matter, there is no conflict in the situation posed in your request, the particular facts must also be reviewed in light of A.C.A. 14-14-1202(a) wherein it states in pertinent part that "[t]he officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate. . . ." A conflict would arise if the facts reflect a violation of this provision.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.