The Honorable James C. Scott State Senator Route 1, Box 82-A Warren, Arkansas 71671-9705
Dear Senator Scott:
This is in response to your request for an opinion on the following specific questions:
 (1) Is it lawful for a person who attends a private club which is located in a dry county and which is not licensed to dispense alcoholic beverages to carry spirituous, vinous or malt liquors into the club for consumption by that person on the premises of the private club?
 (2) If members of a private club which is located in a dry county and which is not licensed to dispense alcoholic beverages bring their spirituous vinous, or malt liquors to the club for their personal use on the premises, and the total quantity of such liquors on the premises of the private club at any time exceeds the maximum quantity prescribed in Arkansas Code 3-3-306, is the club owner or manager guilty of a violation of 3-3-306 and subject to the penalty prescribed therein, and is there a presumption created by Arkansas Code 3-3-308 that the owner or manager possesses such liquors for sale?
In response to your first question, it may be concluded as a general matter that this activity is not unlawful, so long as the person possesses no more than one (1) gallon of spirituous, vinous, or malt liquors. Arkansas Code of 1987 Annotated 3-3-306(a) states:
 It shall be unlawful for any person, firm, or corporation to possess more than one (1) gallon of spirituous, vinous, or malt liquors other than beer, in any county or part of a county in which it is unlawful to manufacture, sell, barter, loan, or give away intoxicating liquors.
There may be a factual question with respect to whether the prohibition contained in 3-3-306(a) has been violated. This provision will not apply, however, if the private club has in fact acquired a permit from the Alcoholic Beverage Control Board, pursuant to A.C.A. 3-9-221.
It is my opinion, in response to your second question, that A.C.A. 3-3-306 and 3-3-308 will not apply in this situation to the club owner or manager, unless it can be shown that the owner or manager possesses the liquor. Section 3-3-308(a) states in pertinent part:
 Any person who shall have in his possession in any county which has legally voted `dry' . . . any spirituous, vinous, or malt liquors or beverages, other than beer, in quantities or amounts in excess of one (1) gallon, in toto shall be presumed to possess such intoxicating liquors for sale, barter, gift, or exchange, and he shall be subject to the penalties of this subchapter.
It is thus clear that a violation of 3-3-306, and application of the presumption under 3-3-308, must be premised upon the owner or manager's "possession" of the liquor.
The term "possession" is defined in Webster's Seventh New Collegiate Dictionary, p. 663, as: "the act of having or taking into control; control or occupancy of property without regard to ownership."
Whether or not the owner or manager possesses the liquor for purposes of 3-3-306 and 3-3-308 is a question of fact, to be resolved based upon the particular circumstances in each case. It must be recognized, however, that penal provisions are strictly construed and that "(n)o thing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the defendant." Bennett v. State, 252 Ark. 128, 477 S.W.2d 497
(1972), citing Shepherd v. State, 246 Ark. 159, 439 S.W.2d 627
(1969).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.