The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201-1094
Dear Secretary McCuen:
I am in receipt of your letter dated June 27, 1989 wherein you request an opinion on Act 719 of 1989. Your question is as follows:
 In Act 719 of 1989, Section 5 amends A.C.A. 21-8-305 to require that school board members/candidates and various members of municipal boards and commissions file a "Code of Ethics Form"; yet, Section 7 of Act 719 repeals A.C.A. 21-8-305 through 21-8-309. Are persons specified in Section 5 of Act 719 of 1989 required to file a Code of Ethics Form?
Prior to the passage of Initiated Act 1 of 1988 and Act 719 of 1989 various public officials were required to file a Code of Ethics Form which was mandated by A.C.A. 21-8-305. Initiated Act 1 of 1988 and Act 719 of 1989 mandated that most of those same officials, previously required to file a Code of Ethics pursuant to A.C.A. 21-8-305, file a Statement of Financial Interest in lieu of the old Code of Ethics Form. Act 719 of 1989 specifically states at Section 5 that:
 The following persons shall file a written statement required pursuant to this subchapter within the time specified in Arkansas 21-8-306.
(1) All persons who are elected members of a school board or who are candidates for a position on a school board; and
(2) Any person appointed to one of the following types of municipal or county boards or commissions:
(A) a planning board or commission; (B) an airport board or commission; (C) a water or sewer board or commission; (D) a utility board or commission; and (E) a civil service commission.
Section 7 of Act 719 of 1989 repeals A.C.A. 21-8-305 through21-8-309.
It is my opinion, in answer to your specific question, that the persons specified in Section 5 of Act 719 of 1989 are not required to file a Code of Ethics Form.
Established rules of statutory construction dictate that courts will reconcile different statutory provisions to make them consistent, harmonious and sensible. However, it is also an established maxim that penal provisions are strictly construed and that "[n]o thing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the defendants." Bennett v. State, 252 Ark. 128, 477 S.W.2d 497
(1972), citing Shepherd v. State, 246 Ark. 159, 439 S.W.2d 627
(1969); Wilcox v. Safely Construction Co., 298 Ark. 159 (1989).
The Arkansas Legislature apparently intended that school board members or candidates and various commissioners identified in A.C.A. 21-8-305(2) file a Code of Ethics Form. Through clerical error or oversight on the part of the Legislature, however, the amendment was repealed by Section 7 of the same Act. Inasmuch as this statute does carry penal provisions, it is my opinion that it must be strictly construed and the amendment stands repealed. I do recommend, however, that those covered by Section 5 of Act 719 file the Code of Ethics Form as a standard practice to avoid being affected by any subsequent litigation on this issue.