Kathleen Roberts, Chairman State Board of Examiners as Speech Pathology and Audiology
Dear Ms. Roberts:
This is in response to your request for an opinion regarding A.C.A. 17-97-104, which sets forth certain exemptions from the licensing requirements of the Licensure Act of Speech Pathologists and Audiologists ("Licensure Act"). You have asked whether persons who contract with schools to provide speech and audiology services are exempt from licensure pursuant to subsection (4) of Section 17-97-104. Your specific inquiry is whether the phrase "under the jurisdiction of", in A.C.A.17-97-104(4), means that private individuals that contract with the schools are under the schools' jurisdiction.
Section 17-97-104(4) states:
 Nothing in this chapter shall be construed as preventing or restricting: (4) A person from performing speech pathology or audiology services solely within the confines or under the jurisdiction of: A public school system; private, nonprofit corporations licensed by Development Disabilities Services providing services to mentally retarded or developmentally disabled children or adults; or the state of federal government by which he is employed if that person holds a valid and current credential as a speech or hearing therapist issued by the Department of Education or if that person is employed as a speech pathologist or audiologist by the State of Arkansas or the Government of the United States. (A) However, without obtaining a license under this chapter, such person may consult with or disseminate his research findings and other specific information to speech pathologists and audiologists outside the jurisdiction of the organization by which he is employed. Such person may also offer lectures to the public for a fee, monetary or other, without being licensed under this chapter. (B)The person may additionally elect to be subject to this chapter. (Emphasis added.)
It is my opinion that one may, by virtue of a contract, be employed by a public school system for purposes of the exemption under 17-97-104(4). In order for the exemption to apply, however, it must also be determined that the person performs the speech pathology or audiology services "solely within the confines or under the jurisdiction of" the school system.[1]
The phrase "under the jurisdiction of" a school system should not, in my opinion, be construed as a separate component of the exemption but should, instead, be read as part of the entire phrase: "solely within the confines or under the jurisdiction of: a public school system . . . by which he is employed. . . ." (Emphasis added.) This language appears to recognize the fact that one might be performing the pathology or audiology services outside the school limits, but still be working exclusively for the school.[2]
While it may be contended that the word "jurisdiction" excludes one who is employed as an independent contractor, it must be recognized that A.C.A. 17-97-105 imposes a criminal penalty for violations of the Licensure Act. The act must, therefore, be strictly construed. Bennett v. State, 252 Ark. 128, 130,477 S.W.2d 497 (1972), citing Shepherd v. State, 246 Ark. 159,439 S.W.2d 627 (1969). We cannot conclude, absent clearer evidence of legislative intent, that private independent contractors are excluded from the exemption as a result of this language.
The key inquiry, in my opinion, is whether the person contracting to provide the services is operating solely under the school contract. If services are being offered outside the school and not pursuant to the contract, other than those activities authorized under 17-97-104(4) (see n. 2., supra), the exemption will not apply.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Section 17-97-104(4) also states that the person must hold a "valid and current credential as a speech or hearing therapist issued by the Department of Education."
[2] Authorized outside activity is set forth under17-97-104(4)(A), which permits consultation with or dissemination of research findings to speech pathologists and audiologists "outside the jurisdiction of the organization. . . ." This section also authorizes lectures to the public for a fee.