Lu Hardin, President University of Central Arkansas 201 Donaghey Avenue Conway, AR 72035
Dear Mr. Hardin:
I am writing in response to your request for an opinion regarding A.C.A. § 6-67-102, which provides in relevant part as follows with respect to the Board of Trustees of the University of Central Arkansas ("UCA Board"):
 Before entering upon his respective duties, each board member shall take and subscribe . . . an oath . . . that he will not be or become interested, directly or indirectly, in any contract made by the board.
A.C.A. § 6-67-102(f)(1) (Supp. 2001).
Your specific question pertains to a situation involving a health insurance company's response to a request for proposal ("RFP") that was issued by the University to various insurance companies for health insurance coverage and products. You state that one of the companies responding to the RFP is a health insurance company that employs a member of the UCA Board. You further state:
 With respect to the board member who is an employee of the health insurance company, the board member is not a director, shareholder or executive officer of the company. The board member is a salaried employee of the company, and the board member's compensation is not related to the profitability of the company.
You have asked for my opinion "on whether, in the event the health insurance contract is awarded to the company for which the board member is employed, this would be deemed to be an `indirect' interest in `. . . any contract made by the board' under Section 6-67-102(f)(1)."
RESPONSE
It is my opinion that the Board member's employment by the insurance company in all likelihood does not, standing alone, evidence a violation of A.C.A. § 6-67-102(f)(1). Because the statute carries a criminal penalty, however, its applicability is ultimately within the province of the prosecuting attorney.
The case of Brewer v. Howell, 227 Ark. 517, 299 S.W.2d 851 (1957) may be dispositive of your question. That case involved A.C.A. § 6-13-617, a statute analogous to § 6-67-102(f)(1), which requires each director of a school district to subscribe to an oath swearing or affirming that he or she "will not be interested directly or indirectly in any contract made by the district, except as permitted by state law. . . ." A.C.A. § 6-17-613(a) (Supp. 2001).[1] The school district in Brewer purchased supplies from a business concern that employed a school board member, and that was solely owned by the board member's father. In concluding that this did not violate § 6-17-613, the Arkansas Supreme Court stated:
 Let it first be said that we agree with the trial court that purchases made from a business concern employing a school board member are not in violation of the law, for such director is not interested `either directly or indirectly' as is contemplated by the statute. While it is admitted that the name of the concern is advertised as B.B. Vance and Sons, the proof is uncontradicted that B.B. Vance [the board member's father] is the sole owner of the business. [Footnote omitted.] The concern is not a partnership, nor a corporation. Howard Vance and two other brothers are only employees.
227 Ark. at 525 (emphasis added).
I have found no other helpful cases in construing A.C.A. § 6-67-102(f). However, I believe Brewer may be cited for the proposition that being a salaried employee of a business does not alone support a finding that one is "interested, directly or indirectly, in [a] contract" that the Board may make with the business, within the meaning of the statutory prohibition. This conclusion may also be compelled by the well-established maxim that penal provisions are strictly construed and that "[n]othing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the defendant." See generally Bennett v.State, 252 Ark. 128, 477 S.W.2d 492 (1972), citing Shepherd v. State,246 Ark. 159, 439 S.W.2d 627 (1969). A violation of the oath required by §6-67-102 is a misdemeanor, punishable by a fine of not less than $500.00 or imprisonment of not less than 6 months, or both. A.C.A. §6-67-102(f)(2)(A). As such, strict construction is the rule.
The question whether a Board member has violated his or her oath of office in any particular instance will, of course, ultimately depend upon all of the attendant circumstances. Additionally, this determination may rest with the prosecuting attorney, as the official charged with power and discretion in prosecuting persons accused of crimes under state law.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The statute was amended in 2001 to make the exception relating to "state law." The amendment is not relevant to this opinion.