Jimmy Ray HEIKKILA *v.* STATE of Arkansas

CR 02-852                                    98 S.W.3d 805

Supreme Court of Arkansas
Opinion delivered February 20, 2003

*The Jesse Law Firm, P.L.C.*, by: *Mark Alan Jesse*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

Jim Hannah, Justice. Jimmy Ray Heikkila appeals his conviction and sentence on two counts of incest. He was also convicted of rape, but he does not appeal that conviction. Heikkila alleges that the trial court erred in submitting the incest charges to the jury because he was accused of sexual intercourse or deviate sexual activity with his two nieces to whom he was related by affinity but not by consanguinity. Heikkila asserts that applying the rule that criminal statutes are strictly construed requires the conclusion that the alleged conduct with his nieces was not prohibited under the incest statute because he was not related to his nieces by blood. We hold that the incest statute prohibits sexual intercourse or deviate sexual activity between an uncle and a niece. The language of the statute is clear and makes no mention of affinity or consanguinity. The convictions and sentences are affirmed.

## Facts

Heikkila is not related by blood to the two nieces he is accused of engaging in incest. They are the children of Heikkila's wife's sister. Both nieces were below the age of sixteen at the time of the incest. The two nieces came to live with Heikkila in 1990 after they had been in foster care for six months following removal from the home of their grandmother. The nieces considered Heikkila and his wife father and mother, calling Heikkila dad and his wife Tia, which is Spanish for aunt. Heikkila was charged with acts of incest and rape beginning in 1990.

## Incest

Heikkila argues that the word "niece" in the incest statute, Ark. Code Ann. § 5-26-202 (Repl. 1997), refers only to nieces to whom a person is related to by blood. Arkansas's incest statute provides:

(a) A person commits incest if, being sixteen (16) years of age or older, he purports to marry, has sexual intercourse with, or engages in deviate sexual activity with a person he knows to be:

(1) An ancestor or a descendant; or

(2) A stepchild or adopted child; or

(3) A brother or sister of the whole or half blood; or

(4) An uncle, aunt, nephew, or niece; or

(5) A stepgrandchild or adopted grandchild.

(b) The relationships referred to in this section shall include blood relationship without regard to legitimacy.

(c) Incest is a Class C felony; however, incest is a Class A felony if the victim is under sixteen (16) years of age and the perpetrator is over twenty-one (21) years of age at the time of the offense.

This court has never interpreted "niece" as it appears in Ark. Code Ann. § 5-26-202. We are therefore required to interpret the incest statute. We strictly construe criminal statutes and resolve any doubts in favor of the defendant. *Williams v. State*, 347 Ark. 728, 67 S.W.3d 548 (2002); *Sansevero v. State*, 345 Ark. 307, 45 S.W.3d 840 (2001); *Hagar v. State*, 341 Ark. 633, 19 S.W.3d 16 (2000). There is no better settled rule in criminal jurisprudence than the rule that criminal statutes must be strictly construed and pursued. *Williams, supra*. The courts cannot, and should not, by construction or intendment, create offenses under statutes which are not in express terms created by the Legislature. *Williams*, 347 Ark. at 742. We are without authority to declare an act to come within the criminal laws of this state by implication. *Dowell v. State*, 283 Ark. 161, 671 S.W.2d 740 (1984). It would violate the accepted canons of interpretation to declare an act to come within the criminal laws of the State merely by implication. *Lewis v. State*, 220 Ark. 259, 247 S.W.2d 195 (1952) (citing *State v. Simmons*, 117 Ark. 159, 174 S.W. 238 (1915)). Nothing is taken as intended which is not clearly expressed. *Graham v. State*, 314 Ark. 152, 861 S.W.2d 299 (1993); *Hales v. State*, 299 Ark. 93, 771 S.W.2d 285 (1989).

■ ■ The incest statute prohibits sexual intercourse or deviate sexual activity with five named categories of persons, including "uncle, aunt, nephew or niece." The word "niece" is not defined in the statute. However, the statute in its express terms creates criminal liability for sexual intercourse or deviate sexual activity with one's niece. *Webster's* defines a niece as a female descendant or relative, a daughter of one's brother or sister, or a daughter of one's brother-in-law or sister-in-law. *Black's* defines niece as "the daughter of a person's brother or sister; sometimes understood to include the daughter of a person's brother-in-law or sister-in-law." *Black's Law Dictionary* 1066 (7th Ed. 1999). *Webster's Third New International Dictionary*, 1526 (1993). Both nieces in this case were the daughters of Heikkila's sister-in-law. When the words used in a statute have a well-defined meaning, and the wording of the statute is clear, we give those words their plain meaning. *Boyd v. State*, 313 Ark. 171, 853 S.W.2d 263 (1993). Therefore, under the express terms of the statute, the conduct between Heikkila and his nieces was prohibited.

■ ■ The incest statute protects the integrity of the family. *Camp v. State*, 288 Ark. 269, 704 S.W.2d 617 (1986). This protection extends to step-relationships as well as blood relationships because sexual activity in step-relationships is equally disruptive of the family as would be sexual activity between blood relations. *Camp, supra.* Although Heikkila's relationship to his nieces would not be characterized as a step-uncle, as with a stepfather, Heikkila was not related to his nieces by blood. Where uncle and niece are not related by blood, the relationship is analogous to a step-relationship. Regardless of whether Heikkila was related to his nieces by consanguinity or affinity, the State's charges against him under Ark. Code Ann. § 5-26-202 would effectively be the same. *See e.g. Douhitt v. State*, 326 Ark. 794, 935 S.W.2d 241 (1996).

Affirmed.