The Honorable Steve Oliver Prosecuting Attorney Eighteenth Judicial District East 501 Ouachita Avenue Hot Springs, AR 71901
Dear Mr. Oliver:
I am writing in response to your request for an opinion on the following:
I am writing to request your opinion regarding a statutory interpretation of Ark. Code Ann. § 5-37-207. In particular, I am seeking your opinion on whether or not a Visa Gift Card would qualify as a "Debit Card" for purposes of the statute.
RESPONSE
In my opinion, there is no controlling definition of either a "debit card" or a "Visa Gift Card" for the purposes of A.C.A. § 5-37-207 (Repl. 2006). Because criminal statutes must be interpreted strictly, resolving all doubt in favor of the defendant, I must opine that a court would likely conclude that a "Visa gift card" is not included in the term "debit card" for the purposes of A.C.A. § 5-37-207.
In pertinent part, A.C.A. § 5-37-207 states:
(a) A person commits the offense of fraudulent use of a credit card or debit card, if with purpose to defraud, he or she uses a credit card, credit card account number, debit card, or debit card account number to obtain property or a service with knowledge that:
(1) The credit card, credit card account number, debit card, or debit card account number is stolen;
(2) The credit card, credit card account number, debit card, or debit card account number has been revoked or cancelled;
(3) The credit card, credit card account number, debit card, or debit card account number is forged; or
(4) For any other reason his or her use of the credit card, credit card account number, debit card, or debit card account number is unauthorized by either the issuer or the person to whom the credit card or debit card is issued.
Id. The General Assembly added the language addressing debit cards inAct 1142 of 2001. However, the General Assembly failed to amend A.C.A. § 5-37-101 to include a definition of "debit card."
Furthermore, my research has revealed few definitions of "debit card" in Arkansas law. Act 304 of 2007, effective on July 31st, 2007, defines both "debit card" and "General use prepaid card" as follows:
(1) "Debit card" means any card issued by a financial institution to a consumer for use in initiating an electronic fund transfer from the account of the consumer at the financial institution for the purpose of transferring money between accounts or obtaining money, property, labor, or services;
* * *
(4)(A) "General use prepaid card" means a card or other electronic payment device issued by a bank or financial institution that is:
(i) Usable at multiple, unaffiliated merchants or service providers or at automated teller machines;
(ii) Issued in a requested amount whether or not that amount may be, at the option of the issuer, increased in value or reloaded if requested by the holder;
(iii) Purchased or loaded on a prepaid basis; and
(iv) Honored, upon presentation, by merchants for goods or services, or at automated teller machines.
(B) "General use prepaid card" does not include:
(i) A debit card that is linked to a demand deposit account or a share draft account; and
(ii) A written promise, plastic card, or other electronic device that is:
(a) Used solely for telephone services; or
(b) Associated with a demand deposit, checking, savings, or similar account in the name of the individual at a bank or financial institution that provides payment solely by debiting the account;
Id. at § 1. Act 304 will be codified at A.C.A. §§ 4-88-701 through -706. While you have not proffered a definition or explanation of the phrase "Visa gift card," it is likely that such a card would fall within the definition of "general use prepaid card" above rather than within the definition of a "debit card." The General Assembly clearly distinguished between a "debit card" and a "general use prepaid card" inAct 304 of 2007.
The only other statute that addresses a similar issue is A.C.A. §4-107-302 (Supp. 2005), which prohibits merchants from printing more than the last five digits of a "credit card number" on a receipt. In that particular statute, the General Assembly defined "credit card" to include both "a debit card" and "a stored value card," obviously distinguishing between the two. A.C.A. § 4-107-302.
These definitions, however, only apply to the subchapters of which they are a part. See Act 304 of 2007, § 1 (to be codified at A.C.A. § 4-88-702) ("As used in this subchapter . . .") and A.C.A. §§ 4-107-301
("As used in this subchapter . . ."). Consequently, they are not controlling in response to your question regarding the criminal prohibition found at A.C.A. § 5-37-207. Because the existing definitions are not controlling, I doubt whether a court would utilize them when interpreting A.C.A. § 5-37-207. Nonetheless, criminal laws are strictly construed with all doubts resolved in favor of the defendant. See Heikkila v. State, 352 Ark. 87, 98 S.W.3d 805 (2003). Furthermore, the Arkansas Supreme Court has specifically stated that courts cannot and should not create offenses under the criminal laws of the State by means of interpretation when such offenses are not expressly created by the legislature. Id.
Because it is unclear whether the General Assembly intended to include "gift cards" or "general use prepaid cards" in the term "debit cards" in A.C.A. § 5-37-207, I must opine that a court would likely hold that a "Visa gift card" is not a "debit card" for the purposes of A.C.A. §5-37-207.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General