The Honorable Gilbert Baker State Senator 17 Cooper Lane Conway, Arkansas 72034-7935
Dear Senator Baker:
I am writing in response to your request, on behalf of a constituent, for an opinion concerning the penalties for violating the "Access to Parking for Persons with Disabilities Act," codified at A.C.A. §27-15-301 to-315, as amended by Act 753 of 2007. Specifically, you relay the following information and pose the question below:
 Arkansas Code Annotated 27-15-305 states in part "(a) Any individual who provides false information in order to acquire or who assists an unqualified person in acquiring the special license plate or the special certificate and any person who abuses the privileges granted by this subchapter shall be deemed guilty of a Class A misdemeanor." My question pertains to the portion of the law "and any person who abuses the privileges."
 Frequently, there are individuals who have handicap permits occupying handicap spaces but never exit their vehicle. A passenger who is obviously not handicapped will leave the vehicle and go into a building to conduct business and return. Logically, if the handicapped individual never leaves the vehicle, then the need for close proximity to the building is negated and other handicapped individuals who may need to legitimately park and go in are precluded from utilizing the space. *Page 2 
 My question is: Could the handicapped individual who has no intention to exit his vehicle be considered to have "abused the privilege?"
RESPONSE
The question of whether a misdemeanor offense has occurred is a proper determination for the local prosecuting attorney with respect to the facts of a particular incident. I cannot make that factual determination in a given case. I will note, however, that the applicable language about "abus[ing] the privileges" granted in the subchapter is imprecise. Additionally, the language of the subchapter indicates that the parking privileges are present whenever the vehicle is "transporting the person" who has a disability. This language appears to grant such privileges even in the scenario you describe. Finally, because it is a criminal provision, the penalty language of A.C.A. § 27-15-305 will be strictly construed in favor of a defendant. In my opinion, therefore, it is doubtful whether a court presented with the question would construe the current law to support a misdemeanor violation under those facts. If this result is deemed undesirable, the General Assembly may consider amending the statute to achieve the desired result.
As an initial matter, I must note that any decision as to whether to institute misdemeanor charges under a particular set of facts is invested in the local prosecuting attorney. I cannot in the context of an official opinion, or otherwise, dictate the exercise of a local prosecutor's discretion with regard to a particular prosecution.
I can state as a general matter, however, that the language of A.C.A. § 27-15-305 regarding "abus[ing] the privileges granted by th[e] subchapter" is less than precise. It is not specified in what manner a person may "abuse the privileges" granted in the subchapter. There is thus some uncertainty as to what type of conduct will support a misdemeanor charge in this regard.
As for the exact privileges granted by the subchapter, § 27-15-312
states that "A vehicle displaying a special license plate or special certificate and being used for the actual transporting of a person witha disability is permitted exclusive parking privileges in those areas designated for parking only by persons with disabilities." Id. at (a)(1) (emphasis added). Other provisions of the subchapter also *Page 3 
contemplate merely that the vehicle be used to transport the person with a disability. See, e.g., A.C.A. § 27-15-304 (authorizing a vehicle that is "transporting the person to whom a temporary certificate has been issued" to park in the special parking places) (emphasis added); A.C.A. § 27-15-308(c)(3) (stating the same for regular certificates); A.C.A. § 27-15-310(d) (stating that "No vehicle shall display the special certificate unless the vehicle is being used for the purpose oftransporting the person to whom the special certificate was issued") (emphasis added); A.C.A. § 27-15-305(b)(1) (subjecting a vehicle to impoundment if parked in a special parking space and "operated by a person who is not a person with a disability while not being used for the actual transporting of a person with a disability") (emphasis added); and A.C.A. § 27-15-307(7) (requiring a notice from the Office of Motor Vehicle to special license applicants stating that "the privilege to park in spaces reserved for persons with disabilities shall be available only when the person for whom the special license plate or certificate was issued or a person with a disability is actually in thevehicle") (emphasis added).
The language of these various provisions in A.C.A. § 27-15-301 to-315 does not appear to hinge the special parking privileges on anything other than actual presence and transport of the person with a disability. It does not contain any express requirement regarding the actual departure from the vehicle by the disabled person, once parked.
Additionally, because the statute about which you have inquired is criminal in nature, it will be strictly construed in favor of defendants. As stated in Op. Att'y Gen. 2004-160:
 One of the most well-established rules of statutory interpretation is that criminal statutes are to be strictly construed, with all doubts resolved in favor of defendants. Heikkila v. State, 352 Ark. 87, 98 S.W.3d 805
(2003). Moreover, the Arkansas Supreme Court has explicitly stated that the courts cannot, and should not, by construction, create offenses under statutes that are not in express terms created by the legislature. Id.
See also, Op. Att'y Gen. 2004-215 ("It is an established maxim that penal provisions are strictly construed and that `[n]othing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the *Page 4 
defendant,'" citing Bennett v. State, 252 Ark. 128, 477 S.W.2d 492
(1972), and Shepherd v. State, 246 Ark. 159, 439 S.W.2d 627 (1969)).
In my opinion, in light of the foregoing, it is doubtful whether a court would construe the law as supporting a misdemeanor violation under the facts you describe. If this result is deemed undesirable, the General Assembly may consider amending the statute to achieve the desired result.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General