2009 Ark. App. 346

**Detriawn WADE, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08-782.**

Court of Appeals of Arkansas.

April 29, 2009.

Rehearing Denied June 3, 2009.

S. Butler Bernard, Jr., West Memphis, for appellant.

Dustin McDaniel, Att'y Gen., by: Karen Virginia Wallace, Ass't Att'y Gen., for appellee.

KAREN R. BAKER, Judge.

On March 18, 2008, a jury in Crittenden County convicted appellant, Detriawn Rondell Wade, of rape, a Class Y felony, and fourth-degree sexual assault. He was sentenced to twenty-six years' imprisonment for the rape conviction and six years' imprisonment for the assault conviction. He raises two points on appeal. He argues first that the trial court erred by denying his motion to dismiss for lack of a speedy trial. Second, he argues that the trial court erred in denying his motion for a directed verdict. Finding no error, we affirm.

On September 26, 2006, the State of Arkansas filed a felony information. An amended two-count information was filed on September 24, 2007. In the amended information, count one alleged that appellant engaged in sexual intercourse between November 2004 and June 2006 with his niece who was less than eighteen years of age. Count two of the information alleged that appellant, being twenty years of age or older, engaged in sexual activity on or between November 2004 and June 2006 with another person who was less than sixteen years of age and not his spouse.

At trial, the marriage certificate of appellant and Elizabeth Wade was introduced into evidence. Testimony showed that Elizabeth Wade was the victim's aunt: the victim's mother and Elizabeth were sisters. The victim, appellant's niece, gave birth to a baby on October 29, 2005; she was fifteen years old at the time. DNA testing conducted in both 2006 and 2007 confirmed that appellant was the biological father of the child. The victim testified that between November 2004 and June 2005, she and appellant engaged in sexual intercourse "at least, if not more than 50 times. About three or four times a week."

At the conclusion of the State's case, appellant's counsel made a motion for a directed verdict based on the fact that the rape statute did not include an uncle related only by marriage. The trial court denied the motion. Appellant's counsel renewed the motion at the close of the evidence, and the motion was again denied. Ultimately, appellant was convicted of rape and sexual assault. This appeal followed.

Appellant contends that the trial court erred in denying his motion for a directed verdict. Our standard of review for a sufficiency challenge is well settled. We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Gillard v. State*, 372 Ark. 98, 270 S.W.3d 836 (2008) (citing *Navarro v. State*, 371 Ark. 179, 264 S.W.3d 530 (2007)). We have repeatedly held that in reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We affirm a conviction if substantial evidence exists to support it. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.*

Appellant was convicted of rape pursuant to Arkansas Code Annotated section 5–14–103 (Repl.2006), which provides in pertinent part: "(a) A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person: ... (4)(A) Who is less than eighteen (18) years of age and the actor is the victim's: (ii) Uncle ...." Ark.Code Ann. § 5–14–103. Appellant asserts that the State failed to meet the statutory element that he was the victim's uncle. His argument focuses on the fact that he was the victim's uncle by affinity only, as evidenced by the marriage certificate, and not

the victim's uncle by consanguinity. Relying on this distinction, he asserts that there was insufficient evidence to support his conviction.

 Appellant asserts that the word "uncle" in the rape statute refers only to an uncle who is related by blood to the victim. Because this court has not previously interpreted the word "uncle" in the context of the rape statute at issue here, we are called upon to do so now.

This court reviews issues of statutory interpretation *de novo,* as it is for this court to decide the meaning of a statute. *See Stivers v. State,* 354 Ark. 140, 118 S.W.3d 558 (2003). We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *See id.* We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *See id.* We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *See id.* Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *See id.*

*Brown v. State,* 375 Ark. 499, 292 S.W.3d 288 (2009). Moreover, as our supreme court stated in *Heikkila v. State,* 352 Ark. 87, 90, 98 S.W.3d 805, 807 (2003):

The courts cannot, and should not, by construction or intendment, create offenses under statutes which are not in express terms created by the Legislature. *Williams,* 347 Ark. at 742, 67 S.W.3d 548. We are without authority to declare an act to come within the criminal laws of this state by implication.

*Dowell v. State,* 283 Ark. 161, 671 S.W.2d 740 (1984). It would violate the accepted canons of interpretation to declare an act to come within the criminal laws of the State merely by implication. *Lewis v. State,* 220 Ark. 259, 247 S.W.2d 195 (1952) (citing *State v. Simmons,* 117 Ark. 159, 174 S.W. 238 (1915)). Nothing is taken as intended which is not clearly expressed. *Graham v. State,* 314 Ark. 152, 861 S.W.2d 299 (1993); *Hales v. State,* 299 Ark. 93, 771 S.W.2d 285 (1989).

*Heikkila* is instructive in this case. In *Heikkila,* the court interpreted the incest statute, Ark.Code Ann. § 5–26–202 (Repl. 1997), and determined that it applied to an uncle by marriage. *Heikkila,* 352 Ark. at 91, 98 S.W.3d at 807. In so finding, the court in *Heikkila* explained:

The incest statute prohibits sexual intercourse or deviate sexual activity with five named categories of persons, including "uncle, aunt, nephew or niece." The word "niece" is not defined in the statute. However, the statute in its express terms creates criminal liability for sexual intercourse or deviate sexual activity with one's niece. *Webster's* defines a niece as a female descendant or relative, a daughter of one's brother or sister, or a daughter of one's brother-in-law or sister-in-law. *Black's* defines niece as "the daughter of a person's brother or sister; sometimes understood to include the daughter of a person's brother-in-law or sister-in-law." *Black's Law Dictionary* 1066 (7th ed. 1999). *Webster's Third New International Dictionary,* 1526 (1993). Both nieces in this case were the daughters of Heikkila's sister-in-law. When the words used in a statute have a well-defined meaning, and the wording of the statute is clear, we give those words their plain meaning. *Boyd v. State,* 313 Ark. 171, 853 S.W.2d 263 (1993). Therefore, under the express

terms of the statute, the conduct between Heikkila and his nieces was prohibited. *Id.* Here, the rape statute prohibits sexual intercourse or deviate sexual activity with different categories of people including an uncle, aunt, grandparent, stepgrandparent, or grandparent by adoption. The word "uncle" is not defined in the statute. Moreover, the word "uncle" is not defined in the latest edition of *Black's Law Dictionary*. *Black's Law Dictionary* 1560 (8th ed. 2004). However, *Webster's Third New International Unabridged Dictionary* defines "uncle" as "1a: the brother of one's father or mother" and "1b: the husband of one's aunt. . . ." *Webster's Third New International Unabridged Dictionary* 2485 (1993). Thus, general understanding of the word "uncle" includes the husband of a blood aunt.

In this case, we reject appellant's interpretation of the relevant statute and hold that appellant was the victim's uncle, per the plain meaning of the wording of the statute. As does the incest statute at issue in *Heikkila*, the rape statute in the present case protects the integrity of the family. The familial relationship extends to a relationship by affinity as well as a blood relationship. Sexual intercourse between a girl under eighteen and her uncle by marriage is equally disruptive of the family as would be sexual activity between her and her uncle by blood. *See Heikkila, supra.* In keeping with this purpose, we hold that ample evidence supports the fact that appellant, the victim's uncle, engaged in sexual intercourse with the victim when she was less than eighteen years old.

Appellant also presents a speedy-trial argument. He alleges that the trial court erred by denying his motion to dismiss for lack of a speedy trial. The right to a speedy trial is expressed in the Bill of Rights, U.S. Const. amend. 6, and guaranteed to state criminal defendants by the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). Arkansas Rules of Criminal Procedure 28.1(c) and 28.2(a) require the State to bring a defendant to trial within twelve months from the date the charge is filed in circuit court or, if the defendant has been lawfully set at liberty pending trial, from the date of arrest. *See also Rose v. State*, 72 Ark.App. 175, 35 S.W.3d 365 (2000). We have placed responsibility on the defendant to be available for trial; therefore, such time delays which result from a failure to appear for trial are excluded. *Ballard v. State*, 75 Ark.App. 15, 53 S.W.3d 53 (2001) (citing *Henson v. State*, 38 Ark.App. 155, 832 S.W.2d 269 (1992)); *see also* Ark. R.Crim. P. 28.3(e). However, the State has the burden to show that any delay was the result of the defendant's conduct or was otherwise justified. *Id.* (citing *Scott v. State*, 337 Ark. 320, 989 S.W.2d 891 (1999)). The State also has the duty to show that it made diligent, good-faith effort to bring the accused to trial. *Id.* (citing *Brown v. State*, 330 Ark. 239, 952 S.W.2d 673 (1997); *Duncan v. Wright*, 318 Ark. 153, 883 S.W.2d 834 (1994); *Chandler v. State*, 284 Ark. 560, 683 S.W.2d 928 (1985)).

Arkansas Rule of Criminal Procedure 28.3 states in relevant part as follows:

The following periods shall be excluded in computing the time for trial.

(c) The period of delay resulting from a continuance granted at the request of the defendant or his counsel. All continuances granted at the request of the defendant or his counsel shall be to a day certain, and the period of delay shall be from the date the continuance is granted until such subsequent date contained in the order or docket entry granting the continuance.

In the present case, appellant contends that the appropriate dates for exclusion

ran from the dates of each of his motions for a continuance until the next pre-trial date following the relevant motion. We disagree. Each of appellant's requests for continuances caused the case to be continued from a certain trial date to a trial date that was not specifically ascertainable until after the pre-trial hearing. Clearly, a motion for a continuance necessitates a delay until a jury can be impaneled to hear the case. Therefore, the period of time from one set trial date to the next is attributable to appellant and excludable for purposes of speedy trial.

Here, the record demonstrates that appellant filed his first motion for a continuance on July 18, 2007. His motion was granted, and the trial date was rescheduled for September 24, 2007. Appellant also filed a second motion for a continuance on November 13, 2007. That motion was also granted and a new trial date was set for January 2, 2008. Again, on January 2, 2008, appellant requested and was granted yet another continuance. The trial date was then rescheduled for March 17, 2008. Each of the three delays in appellant's trial dates was a result of his own motions for continuances, which pursuant to Ark. R.Crim. P. 28.3(c) was time that was properly excluded in calculating the time for trial. *See Branning v. State*, 371 Ark. 433, 267 S.W.3d 599 (2007) (stating that delays resulting from continuances given at the request of the defendant are excluded in calculating time for speedy trial). Excluding the time periods related to appellant's motions for continuances puts the March 17, 2008 trial date within the one-year time period for speedy trial.

Affirmed.

VAUGHT, C.J., and MARSHALL, J., agree.