SLIP OPINION

Cite as 2016 Ark. 134

# SUPREME COURT OF ARKANSAS

No. CR–16–90

| | |
|---|---|
| TRENT KIMBRELL | **Opinion Delivered** March 17, 2016 |
| APPELLANT | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NOS. CR-1994-124 and CR-2014-5] |
| V. | |
| STATE OF ARKANSAS | HONORABLE J.W. LOONEY, JUDGE |
| APPELLEE | DISSENTING OPINION ON DENIAL OF REVIEW. |

**JOSEPHINE LINKER HART, Justice**

I dissent from the majority's decision to deny review of this case. The court of appeals misinterpreted an Arkansas statute to affirm Mr. Kimbrell's conviction for being a felon in possession of a firearm without him ever having been convicted of a prior felony.

The Arkansas First Offender Act, as it existed when it was first created through Act 346 of 1975, and as it applied to Mr. Kimbrell on January 18, 1995, established a diversion program. Ark. Code Ann. § 16-93-303 (1987). It allowed a first-time offender to plead guilty or nolo contendere and to be placed on supervised probation for a period of time, *without* an order of conviction being entered against that person. *Id.* The act further provided that if that first-time offender completed his or her probation, the circuit court was obligated to enter an order dismissing the case and expunging the first-time offender's record. *Id.*

While I am mindful that the State filed a petition to revoke Mr. Kimbrell's probation,

the record does not indicate that the State presented the petition at a hearing or that his probation was revoked. Indeed, the only order in the record waived the unpaid supervision fees and found that Kimbrell "completed his term of probation." While it is also true that the circuit court failed to enter an order dismissing the case and expunging Mr. Kimbrell's record, the statute, as it existed at the time, directed the circuit court to perform those tasks; it was silent as to requiring the first-time offender to file a motion, as is the case with subsequent versions of the law.

Previously, under our canons of construction, this court strictly construed criminal statutes and resolved any doubts in favor of the defendant. *Heikkila v. State*, 352 Ark. 87, 98 S.W.3d 805 (2003). Accordingly, the circuit court's failure to act should not have inured to Mr. Kimbrell's detriment. Instead, the circuit court concluded that Mr. Kimbrell's "continued involvement with controlled substances during his term of probation," apparently a reference to the State's filed but-not-acted on petition to revoke, "*could have* resulted in his probation being revoked and his being sentenced to a term of years in the Arkansas Department of Correction."

"Could have" would be sufficient if the constitutions of the United States and the State of Arkansas did not guarantee an accused person the right to due process of law. In this context, under the Arkansas First Offenders Act, Mr. Kimbrell was entitled to a hearing on his alleged probation violations, where the State had to prove those allegations in a formal adversary proceeding. It was the State's burden to have its allegations proved in a court of law. The failure to do so should not be held against Mr. Kimbrell, even if the allegations are

true.  Due process matters.  Hearings matter.  Judicial determinations of fact matter.  I am troubled that this court denied review of a case that failed to uphold an accused person's right to due process.

BAKER, J., joins.