Cite as 2021 Ark. 15

# SUPREME COURT OF ARKANSAS
No. CV–20–353

| | |
|---|---|
| SERANDON STARLING | Opinion Delivered: February 4, 2021 |
| APPELLANT | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| V. | [NO. 35CV-19-597] |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

Appellant Serandon Starling appeals the denial of his pro se petition for writ of habeas corpus filed in the county where he is incarcerated pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Because Starling stated no ground in the petition on which the writ could issue, the circuit court's order is affirmed.

## I. *Background*

In 2014, Starling was convicted by a Miller County Circuit Court jury of first-degree murder and committing a terroristic act. Starling was sentenced as a habitual offender to two life sentences plus an additional 180 months' imprisonment for the use of a firearm in the commission of the crimes. The convictions arose after Starling fired two gunshots at a car occupied by the victim. One bullet struck the vehicle, and the other bullet struck and killed the victim. This court affirmed the convictions and sentences. *Starling v. State*, 2016 Ark. 20, 480 S.W.3d 158.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under our statute, a petitioner who does not allege his or her actual innocence and proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016), must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and show, by affidavit or other evidence, probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

## III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly

erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

IV. *Claims for Relief*

Starling raised multiple claims in the petition filed in the circuit court, including an allegation that the life sentence for a terroristic act exceeded the maximum penalty for a Class B felony offense.[1] However, on appeal, Starling focuses on the argument he raised in the circuit court that his convictions for first-degree murder and a Class Y terroristic act are based on the same elements and the same action, which included the firing of the single bullet that struck and killed the victim. Starling contends that his conviction for a Class Y terroristic act violated the prohibition against double jeopardy and Arkansas Code Annotated sections 5-1-110 and 5-3-102 (Repl. 2013). Starling contends that his conviction and life sentence for a Class Y terroristic act should be set aside because it represented a conviction for the same conduct that resulted in his conviction for first-degree murder.

Starling was convicted of first-degree murder pursuant to Arkansas Code Annotated section 5-10-102(a)(2) (Repl. 2013), which states in pertinent part that a person commits the offense if with the purpose of causing the death of another person, the person causes the death of another person. Pursuant to Arkansas Code Annotated section 5-13-310(a)(2) (Repl. 2013), a person commits a terroristic act if the person shoots at an occupiable structure with the purpose to cause injury to a person or damage to property. A terroristic

_____

[1]Arguments not raised on appeal are deemed to be abandoned. *Cave v. State*, 2020 Ark. 156, 598 S.W.3d 506.

3

act is a Class B felony but becomes a Class Y felony if the person with the purpose of causing physical injury to another person causes serious physical injury or death to any person. Ark. Code Ann. § 5-13-310(b)(2). Starling asserts that because one bullet fired at the vehicle hit the vehicle and did not cause a fatality, the first-degree-murder conviction and the conviction for a Class Y terroristic act constitute multiple punishments for a single action.

While some double-jeopardy claims are cognizable in habeas corpus proceedings, when the petitioner does not show that on the face of the commitment order there was an illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not cognizable. *Sims v. State*, 2018 Ark. 271, 555 S.W.3d 868. For purposes of double jeopardy, whether two offenses are the "same offense" depends on whether each statutory provision requires proof of a fact that the other does not. *Id.* "A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Sherman v. State*, 326 Ark. 153, 162–63, 931 S.W.2d 417, 423 (1996) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1912)).

Here, Starling maintains that the single act of firing the fatal bullet represents one offense—first-degree murder. Based on the above-cited precedent, he is mistaken. Starling's single act of firing into an occupiable structure that resulted in the death of the victim constituted an offense against two statutes. *See also Rice v. State*, 330 Ark. 257, 954 S.W.2d 216 (1997) (holding that theft and aggravated robbery may both be charged because they are separate crimes, having separate elements, even though they may have been committed

4

at the same time). A terroristic act requires that the death result from firing into an occupiable structure, and therefore requires proof of an element that is not included in the definition of first-degree murder. *Sims*, 2018 Ark. 271, 555 S.W.3d 868; *Sherman*, 326 Ark. 153, 931 S.W.2d 417. In sum, the face of Starling's judgment does not show that an illegal sentence was imposed for a Class Y terroristic act because life imprisonment does not exceed the maximum penalty for such an offense, and Starling did not meet his burden of establishing that his double-jeopardy claim is cognizable in a proceeding for the writ of habeas corpus.

Affirmed.

WEBB, J., concurs.

*Serandon Starling*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.