Cite as 2021 Ark. 116

# SUPREME COURT OF ARKANSAS

**No.** CV-20-560

| | |
|---|---|
| DETRIAWN WADE<br><div align="right">APPELLANT</div><br>V.<br><br>DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><div align="right">APPELLEE</div> | **Opinion Delivered:** May 27, 2021<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT; MOTION FOR RULE ON<br>CLERK<br>[NO. 35CV-20-435]<br><br>HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br><u>AFFIRMED; MOTION DENIED</u>. |

**JOHN DAN KEMP, Chief Justice**

Appellant Detriawn Wade appeals a dismissal of his pro se petition for writ of habeas corpus filed in the county where he is incarcerated pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Wade has also filed motion for rule on clerk, which we deny.[1] Because Wade stated no ground in the petition on which the writ could issue, we affirm the circuit court's order.

## I. *Facts*

On March 18, 2008, a Crittenden County jury convicted Wade of rape, a Class Y felony, and fourth-degree sexual assault. These convictions arose as a result of the sexual assault of Wade's niece, who was fourteen years old at the time. He was sentenced to 312

---

[1]Wade's reply brief was due on January 19, 2021, and he submitted his motion asking to file a belated reply brief on March 8, 2021, wherein he alleged that his prison unit was locked down through January 14 or 15, 2021. After the lockdown was lifted, Wade had time to file a motion for extension by January 19. He waited over a month to file this pending motion for rule on clerk. Because Wade failed to act diligently, we deny his motion.

months' imprisonment for the rape conviction and seventy-two months' imprisonment for the assault conviction, and the sentences were imposed to run concurrently for an aggregate sentence of 312 months' imprisonment. The court of appeals affirmed the convictions and sentences. *Wade v. State*, 2009 Ark. App. 346, 308 S.W.3d 178.

## II. *Writ of Habeas Corpus*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner who does not allege his or her actual innocence and proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016), must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court. The petitioner must also show, by affidavit or other evidence, probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or

that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### III. *Claims for Relief*

Wade raises the following claims for habeas corpus relief: (1) that he was tried in violation of his right to a speedy trial; (2) that his defense counsel requested a continuance without his knowledge; (3) that the DNA evidence relied on by the State was obtained in violation of his constitutional rights in that the victim did not consent to collection of her DNA; (4) that he is actually innocent; and (5) that the Jefferson County circuit clerk and others obstructed his previous attempt to obtain habeas relief.

Wade's claims do not fall within the purview of habeas relief. He does not allege that the judgment and conviction order is illegal on its face or that the trial court lacked jurisdiction. When a petitioner for habeas corpus relief does not show that on the face of the commitment order there was an illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not cognizable. *Starling v. Kelley*, 2021 Ark. 15, 615 S.W.3d 386.

Wade was convicted of rape in violation of Arkansas Code Annotated section 5-14-103(a)(4)(A)(ii) (Repl. 2006). Rape is a Class Y felony that carries a sentence of not less than

3

ten years and not more than forty years, or life. Ark. Code Ann. § 5-4-401(a)(1). Wade was sentenced to 312 months' imprisonment, or twenty-six years' imprisonment, which does not exceed the maximum penalty for a Class Y felony. Wade was also convicted under Arkansas Code Annotated section 5-14-127(a)(1)(A)–(B) (Repl. 2006)—engaging in deviate sexual activity with a person who was less than sixteen at the time—a Class D felony. The sentence for a Class D felony should not exceed six years. Ark. Code Ann. § 5-4-401(a)(5). Wade was sentenced to the maximum term of seventy-two months' imprisonment, or six years' imprisonment. Thus, the trial court had jurisdiction to impose the sentences reflected on the face of the judgment and conviction order.

Wade asserts that he was tried in violation of his right to a speedy trial because he did not consent to one of the continuances requested by his appointed trial counsel. He contends that this speedy-trial violation deprived the court of jurisdiction.[2] Wade's contention is without merit. A petitioner's speedy-trial-violation claim is not within the purview of a habeas proceeding because it is a claim of trial error that does not implicate either the facial validity of the judgment or the jurisdiction of the trial court. *Millsap v. Payne*, 2020 Ark. 401, 611 S.W.3d 479.

The remainder of Wade's claims likewise fall outside the purview of habeas relief because they require an extensive review of the record of the trial and posttrial proceedings, and any habeas inquiries into the validity of the conviction are limited to the face of the

---

[2]The speedy-trial issue was raised on direct appeal and rejected by the court of appeals, which found that the time excluded by the three continuances requested by the defense established that Wade was tried within the mandatory twelve-month period. *Wade*, 2009 Ark. App. 346, 308 S.W.3d 178.

commitment order. *McArthur*, 2019 Ark. 220, 577 S.W.3d 385. Therefore, we hold that the circuit court did not clearly err in dismissing Wade's petition for a writ of habeas corpus. Accordingly, we affirm the circuit's court's dismissal of his pro se petition for writ of habeas corpus.

Affirmed; motion denied.

*Detriawn Wade*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.