Cite as 2021 Ark. 182

# SUPREME COURT OF ARKANSAS
No. CR-07-954

| | |
|---|---|
| MICHAEL DANIELS<br>PETITIONER | **Opinion delivered** October 14, 2021 |
| V. | PRO SE PETITION TO REINVEST |
| STATE OF ARKANSAS | JURISDICTION IN THE TRIAL<br>COURT TO CONSIDER A |
| RESPONDENT | PETITION FOR WRIT OF ERROR<br>CORAM NOBIS; MOTION FOR<br>APPOINTMENT OF COUNSEL<br>[BRADLEY COUNTY CIRCUIT<br>COURT, NO. 06CR-06-3]<br><br>PETITION DENIED; MOTION FOR<br>APPOINTMENT OF COUNSEL<br>MOOT . |

**BARBARA W. WEBB, Justice**

Petitioner Michael Daniels brings this pro se petition to reinvest jurisdiction in the trial court to allow him to file a petition for writ of error coram nobis in his criminal case. He also asks that counsel be appointed to represent him in the trial court. Because Daniels fails to state a ground on which the writ can issue, the petition is denied, and the motion for appointment of counsel is moot.

## I. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The function of the writ is to secure relief from a judgment rendered while there existed some

fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id*. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

## II. *Background*

In 2006, a jury found Daniels guilty of capital murder and aggravated robbery, and he was sentenced to death. We affirmed the judgment for capital murder but reversed and remanded for resentencing. *Daniels v. State*, 373 Ark. 536, 285 S.W.3d 206 (2008). Daniels was subsequently sentenced to life imprisonment without parole.

## III. *Claims for Relief*

Daniels urges this court to reinvest jurisdiction in the trial court so that he can raise the claim that he was denied effective assistance of counsel at trial and on direct appeal. He argues that he has no other remedy available to him to raise the cumulative allegations pertaining to the denial of effective counsel because, through no fault of his own, he was unable to file a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 in the trial court as was his constitutional right. He further contends that this court and the trial court should have the first opportunity to review his claims of ineffective assistance of counsel before he proceeds in federal court; in short, Daniels seeks to exhaust his state remedies with respect to the constitutional right to effective assistance of counsel at trial and on direct appeal by means of this coram nobis proceeding. Finally, he asks that the coram nobis petition be considered as a motion to file a belated Rule 37.1 petition in the trial court.

2

IV. *Analysis and Conclusion*

We decline to broaden the grounds for the writ to include claims of ineffective assistance of counsel. We have noted that the writ of error coram nobis is a procedure to fill a gap in the legal system to provide relief that was not available at trial because a fact exists that was not known at that time and relief is not available on appeal because it is not in the record, and that the writ is necessary to ensure due process and to provide a remedy where none exists. *Strawhacker v. State*, 2016 Ark. 348, 500 S.W.3d 716. Here, there was no gap in the legal process; that is, Rule 37.1 is Arkansas' postconviction remedy, and it was available to Daniels. Coram nobis proceedings are not to be used as a substitute for timely raising claims of ineffective assistance of counsel under our postconviction rule. *Williamson v. State*, 2020 Ark. 319, 608 S.W.3d 149; *see also Henington v. State*, 2020 Ark. 11, 590 S.W.3d 736 (holding that allegations of ineffective assistance of counsel do not support issuance of the writ).

Petition denied; motion for appointment of counsel moot.