Cite as 2022 Ark. 36

# SUPREME COURT OF ARKANSAS

No. CR-21-356

| | | |
|---|---|---|
| DUANE SPEARMAN | | **Opinion Delivered:** February 17, 2022 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT |
| V. | | [NO. 09CR-10-154] |
| | | |
| STATE OF ARKANSAS | | HONORABLE QUINCEY ROSS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

Duane Spearman appeals the circuit court's denial of his motion for a copy of his trial transcript at public expense. The circuit court concluded that Spearman had failed to demonstrate a compelling need for a copy of his trial transcript. We affirm.

A Chicot County jury found Spearman guilty of two counts of aggravated robbery and one count of theft of property. He was sentenced as a habitual offender to life imprisonment on each aggravated-robbery conviction and twenty years' imprisonment on the theft conviction. We affirmed the convictions and sentences. *Spearman v. State*, 2013 Ark. 196, 427 S.W.3d 593.

In the motion filed in the trial court and in his argument on appeal, Spearman requests copies of his trial transcript from his criminal case at public expense. He does not invoke Rule 19 of the Arkansas Rules of Appellate Procedure–Criminal. Rather, Spearman

has asserted that he is indigent and needs the trial transcript to challenge errors made during his criminal trial including lack of jurisdiction, prosecutorial misconduct, ineffective assistance of counsel, failure to impanel an impartial jury, insufficient evidence supporting his conviction, and denial of his right to due process.

Indigency alone does not entitle a petitioner to photocopies at public expense. *Martin v. State*, 2019 Ark. 167, 574 S.W.3d 661. To be entitled to copies at public expense, a petitioner must demonstrate a compelling need for the copies as documentary evidence to support an allegation contained in a timely petition for postconviction relief. *Id*. Spearman asserts that he is illegally detained. However, to obtain habeas relief pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016), Spearman must demonstrate that the judgment of conviction in his case was invalid on its face or that the circuit court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Wade v. Payne*, 2021 Ark. 116, 623 S.W.3d 568. When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id*. If Spearman is claiming that the judgment of conviction is illegal on its face, a copy of the trial transcript would not be necessary to support such a habeas claim. *See Foreman*, 2019 Ark. 108, 571 S.W.3d 484. Moreover, Spearman's allegations regarding jurisdiction are conclusory and lack a factual basis.

With respect to Spearman's additional allegations of trial error, ineffective assistance of counsel, prosecutorial misconduct, and insufficiency of the evidence, such claims should

2

have been raised on direct appeal or in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012). Spearman's challenge to the sufficiency of the evidence on direct appeal was rejected by this court. *Spearman*, 2013 Ark. 196, 427 S.W.3d 593. Additionally, in accordance with Arkansas Supreme Court Rule 4-3(i) (2012), the record was examined for objections, motions, and requests made by either party, and no prejudicial errors were found. *Id.*

Arkansas Rule of Criminal Procedure 37.1 is Arkansas's postconviction remedy for ineffective-assistance-of-counsel claims. *See Daniels v. State*, 2021 Ark. 182. Spearman was convicted in May 2012, and his conviction was affirmed one year later. The time within which to file a petition for postconviction relief pursuant to Rule 37.1 has long since expired. *See* Ark. R. Crim. P. 37.2(c)(ii). In any event, Rule 37.1 does not provide a remedy for issues that could have been raised at trial or argued on appeal. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). Spearman's prosecutorial-misconduct allegation is conclusory and does not rise to the level of a fundamental error; therefore, it is not cognizable in a Rule 37.1 petition. *Id.*

Likewise, with respect to Spearman's alleged habeas claims, trial-error or due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court because a writ of habeas corpus will not issue to correct errors or irregularities that occurred at trial. *Johnson v. Payne*, 2021 Ark. 145; *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Finally, a claim of prosecutorial misconduct does not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Muldrow v. Kelley*, 2018 Ark.

3

126, 542 S.W.3d 856. In view of the above, Spearman has failed to demonstrate that he has a viable or timely claim for postconviction relief, and he has therefore failed to establish a compelling need for a copy of his trial transcript at public expense.

Affirmed.

*Duane W. Spearman*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.